UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS BENNETT and EARLY FUSE, | |
| Plaintiffs, | |
| v. | Case No. 20-cv-530-JPG |
| CITY OF CENTREVILLE, TOWNSHIP OF CENTREVILLE, COMMONFIELDS OF CENTREVILLE, MARIUS "MARK" JACKSON, CURTIS MCCALL, LAMAR GENTRY, and DENNIS TRAITEUR, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Township of Centreville's motion to set aside the entry of default (Doc. 41). The Clerk of Court entered default after the Township failed to file an answer by the deadline, although it has since filed its answer (Doc. 34).

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

The Township's counsel explains that the Township's answer was delayed because counsel had newly entered the case and was under the mistaken impression that the parties had agree to a later deadline. As soon as he discovered his misunderstanding, he filed the Township's answer, and as soon as the Clerk entered default, he moved to set aside that entry. He has also proffered several defenses to the plaintiffs' claims that do not appear on their face to lack merit.

Because the Township has established good cause for setting aside entry of default, the Court **GRANTS** the Township's motion (Doc. 41), **VACATES** the entry of default (Doc. 38), and accepts the Township's answer (Doc. 34).

**IT IS SO ORDERED.**
**DATED:  August 27, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**