IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| CORNELIUS BENNETT and<br>EARLIE FUSE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF CENTREVILLE,<br>TOWNSHIP OF CENTREVILLE,<br>COMMONFIELDS OF CAHOKIA,<br>MARIUS "MARK" JACKSON,<br>CURTIS MCCALL, LAMAR GENTRY,<br>DENNIS TRAITEUR.<br><br>    Defendants. | Cause No. 3:20-cv-00530-JPG |

## PLAINTIFFS' MOTION TO COMPEL APPEARANCE AND TESTIMONY OF KERCHAVIAN MCCALL AT DEPOSITION, AND REQUEST FOR EXPEDITED HEARING

Plaintiffs Cornelius Bennett and Earlie Fuse, pursuant to Fed. R. Civ. P. ("Rule" or "Rules") 26(c) and 37, hereby move that this Court enter an order requiring Witness Kerchavian McCall to appear and give testimony at a deposition properly noticed for Friday, August 12, 2022 at Noon:

### Background

1. In a letter sent to Plaintiffs on June 14, 2022, Defendants' counsel provided available dates for depositions. *See* Exhibit A. Plaintiffs attempted to schedule depositions on these dates, including on July 20, 2022. In a second letter sent to Plaintiffs on July 5, Defendants changed their availability, removing the date of July 20 as available for depositions. *See* Exhibit B. Also, *See* Exhibit A.

2. Defendants sent a third letter on July 13, again changing their availability for depositions. Defendants listed August 12 from 9am-5pm as available. *See* Exhibit B.

3. To accommodate Defendants' third change in availability, Plaintiffs scheduled Kerchavian McCall's deposition to August 12, 2022. *See* Exhibit A.

4. On July 20, 2022, Plaintiffs properly served Defendant's counsel with a **Plaintiffs' Notice to Take Deposition of Kerchavian McCall**, which, pursuant to Rule 30, set the deposition of witness Kerchavian McCall to begin on August 12, 2022 at 12:00 p.m. over Zoom. *See* Exhibit C.

5. Defendants' Counsel emailed Plaintiffs on August 8, 2022 at 3:38 p.m. that Kerchavian McCall was unavailable for his scheduled deposition because he was "leaving for vacation" on August 11, 2022. *See* Exhibit D.

6. Defendants sought to move Kerchavian McCall's deposition from the scheduled time, August 12 at 12 p.m., to August 9 at 1 p.m., when witness DeMario Helm's deposition was scheduled to occur. Defendants then wanted Helm's deposition to take place when Kerchavian McCall's deposition was scheduled, on August 12, 2022, at 12 p.m. *See* Exhibit D.

7. Defendants emailed Plaintiffs once more on August 8, 2022, at 3:58 p.m., and sent a letter again trying to reschedule the properly noticed depositions to accommodate Kerchavian McCall's vacation. *See* Exhibit E. Also, *See* Exhibit F.

8. Plaintiffs responded they were happy to accommodate Kerchavian McCall's vacation by taking the deposition over Zoom but were not amenable to rescheduling the deposition that had been scheduled over three weeks before on July 20, 2022. *See* Exhibit E.

9. After additional requests to reschedule Kerchavian McCall's deposition, Plaintiffs offered to take the deposition on August 11, 2022, at 9 a.m. (when Erma Millard's deposition was scheduled) or at a different time on August 12, 2022. *See* Exhibit G.

10. Defendant is unwilling to produce Kerchavian McCall at the scheduled time on August 12, 2022 and seeks future dates to produce him. Plaintiffs wish to proceed with McCall's properly noticed deposition after Defendant has already made them reschedule several times. *See* Exhibit G.

## An Order Compelling Mr. McCall's Appearance and Testimony Is Appropriate

Plaintiffs seek an order requiring Kerchavian McCall to appear and testify at his deposition, in order to ensure that the deposition takes place promptly, without Defendants engaging in further efforts to unduly delay or avoid a deposition.

Rule 26(c) provides, in pertinent part, that if a motion for protective order is "denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Rule 37(d) provides, in pertinent part:

> (d) Failure of Party to Attend at Own Deposition . . . . If a party . . .fails (l) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

An order compelling Mr. McCall to appear for a deposition is appropriate and just. Defendants' counsel received the **Notice to Take Deposition of Kerchavian McCall** from Plaintiffs on July 20, 2022. Defendants' counsel had three weeks to address time conflicts

or submit a Motion for Protective Order and did not do so. Defendants have cited no case law or statute upon which they rely that allows them to not produce Mr. McCall for his properly notice (virtual) deposition. Therefore, Witness Kerchavian McCall should be ordered to appear for his deposition. Further, because the deposition is scheduled remotely via Zoom, the witness can appear from virtually anywhere in the world, including Mexico.

<u>Conclusion</u>

For the foregoing reasons, Plaintiffs request that the Court enter an order requiring Witness Kerchavian McCall to appear and give testimony at a deposition on August 12, 2022, at 12 p.m.

Respectfully submitted,

**METROPOLITAN ST. LOUIS EQUAL HOUSING & OPPORTUNITY COUNCIL**

/s/Kalila J. Jackson
Kalila J. Jackson, Pro hac vice
Attorney for Plaintiffs
Senior Staff Attorney
P: 314-534-5800
E: kjackson@ehoc-stl.org

**EQUITY LEGAL SERVICES, INC.**

with consent:    /s/Nicole D. Nelson
Nicole D. Nelson
Attorney for Plaintiffs
P: 618.693.9800
E: nnelson@equitylegalservices.org