## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| CORNELIUS BENNETT and ) <br> EARLIE FUSE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CENTREVILLE, ) <br> TOWNSHIP OF CENTREVILLE, ) <br> COMMONFIELDS OF CAHOKIA, ) <br> MARIUS "MARK" JACKSON, ) <br> CURTIS MCCALL, LAMAR GENTRY, ) <br> DENNIS TRAITEUR. ) <br> ) <br> Defendants. ) | Case No. 3:20-cv-00530-JPG <br><br><br> **JURY TRIAL REQUESTED** |

**PLAINTIFFS' CORNELIUS BENNETT & EARLIE FUSE'S MOTION & MEMORANDUM TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO BAR THE SUPPLEMENTAL REPORT OF PLAINTIFFS' EXPERT JOSÉ A. CONSTANTINE, OR IN THE ALTERNATIVE REQUEST TO SET THE <u>MOTION FOR ORAL ARGUMENT</u>**

COMES NOW, Plaintiffs Cornelius Bennett and Earlie Fuse (collectively referred to hereinafter as "Plaintiffs"), by and through their undersigned counsel, and move this honorable Court to strike Defendants' Reply in Support of their Motion to Bar the Supplemental Report of Plaintiffs' Expert José A. Constantine (the "Motion") and the supporting affidavit. Defendants have not articulated any exceptional circumstances that warrant its filing; instead, Defendants have used their reply brief to raise new theories and arguments they omitted in their Motion. Therefore, the reply and supporting affidavits should be stricken in their entirety. In the alternative, the Court should set the motion for oral argument to give Plaintiffs an opportunity to respond.

In relevant part, Local Rule 7.1(g) states "*Reply briefs are not favored and should be filed only in exceptional circumstances.* The party filing the reply brief shall state the exceptional circumstances." (emphasis added). The Local Rule does not expressly define what constitutes "exceptional circumstances," but "[g]eneral disagreement with opposing parties' arguments or framing of factual allegations does not provide exceptional circumstances." Green v. Waggoner, 20-CV-00965-SPM, 2021 WL 2414656, at *3 (S.D. Ill. June 14, 2021). Illinois courts consistently hold that reply briefs cannot be used to raise new arguments that could have been raised in the opening brief. *See*, *e.g.*, Hensiek v. Bd. of Directors of Casino Queen Holding Co., Inc., 20-CV-377-DWD, 2023 WL 2374371, at *7 (S.D. Ill. Mar. 6, 2023), *citing* H.A.L. NY Holdings, LLC v. Guinan, 958 F.3d 627, 636 (7th Cir. 2020) ("[T]he reply brief is an opportunity to reply, not to say what should have been said in the opening brief.").

Defendants have failed to demonstrate exceptional circumstances warranting a reply, and their reply brief should be stricken. As grounds for filing the Reply, Defendants summarily state that Plaintiffs made unsupported misstatements of the requirements of Rule 26(e), but cite no cases finding exceptional circumstances where the challenge is to supposed misstatements of the law. Instead, Defendants have used the reply brief to advance an entirely new line of argument and cite new cases to support their argument that Dr. Constantine's supplemental report should be barred. At its heart, the crux of the Defendants' argument in the reply brief is that the supplement report contains new opinions not intended to correct or clarify the original report or deposition testimony in contravention of Rule 26(e)(2) – which Plaintiffs dispute – but Defendants do not explain why they failed to raise this argument in

2

the original brief.[1] The reply brief does not offer any justification for Defendants' abject failure to raise and analyze Rule 26(e)(2) or raise any challenge under Rule 26(e)(2) in the first instance. This Court should find that Defendants waived their right to raise new arguments under Rule 26(e)(2) because Defendants have offered no rationale for their failure to raise these contentions in their opening brief, and grant Plaintiffs' Motion to Strike. In the alternative, because Local Rule 7.1(g) prohibits sur-replies, the Court should set the Motion for oral argument to permit Plaintiffs an opportunity to refute Defendants new arguments.

WHEREFORE, Plaintiffs Conelius Bennett and Earlie Fuse pray this Court enter an order striking Defendants' Reply in Support of their Motion to Bar the Supplemental Report of Plaintiffs' Expert José A. Constantine (the "Motion") and the supporting affidavit, or setting a hearing on the Defendants' Motion to Bar the Supplemental Report of Plaintiffs' Expert José A. Constantine for the purpose of oral argument, and for such other relief as the Court deems warranted.

                                                                   Respectfully submitted,

                                                                   **EQUITY LEGAL SERVICES, INC.**

w/consent:    /s/Nicole D. Nelson
                       Nicole D. Nelson
                       Attorney for Plaintiffs
                       P: 618.693.9800
                       E: nnelson@equitylegalservices.org

---

[1] Defendants also spend a substantial portion of the brief making baseless accusations against Plaintiffs that unfairly call the veracity of undersigned counsel into question. However, for the purpose of this Motion, it is sufficient to say that Plaintiffs vehemently deny Defendants' allegations that any false claims were made in Plaintiffs' Memorandum in Opposition, and we stand behind the assertion that discovery is in practice ongoing unfortunately due to Defendants unresponsiveness to discovery requests. Although Defendants refute Plaintiffs' claim that discovery is ongoing, counsel for Defendants has requested until October 12, 2023 to supplement its responses to discovery originally requested on November 2, 2020—discovery Plaintiffs requested again in a deficiency letter on March 2, 2022, and again in a second deficiency letter on August 3, 2023. *See* E-mail from Erica Spitzig attached here as **Exhibit 2**. Further. Defendants produced 4,390 pages of discovery to Plaintiffs on September 21, 2023, and an additional 4,358 pages on September 27, 2023. *See* E-mail from Nicole Nelson attached here as **Exhibit 3**.

**METROPOLITAN ST. LOUIS EQUAL HOUSING & OPPORTUNITY COUNCIL**

/s/Kalila J. Jackson
Kalila J. Jackson, Pro hac vice
Attorney for Plaintiffs
Senior Staff Attorney
P: 314-534-5800
E: kjackson@ehoc-stl.org

w/consent: /s/Kennedy Moehrs Gardner
Kennedy Moehrs Gardner
Attorney for Plaintiffs
Senior Staff Attorney
P: 314-534-5800
E: kjackson@ehoc-stl.org

**NAACP**

w/consent: /s/Martina Tiku
Martina Tiku, Pro hac vice
Attorney for Plaintiffs
Assistant General Counsel
P: 443-472-9473

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of October, 2023, I electronically served this document to the following:

CROWDER & SCOGGINS, LTD.
Mark C. Scoggins
mscoggins@crowderscoggins.com

CLAYBORNE & WAGNER
Mike Wagner
mwagner@cswlawllp.com

TAFT STETTINIUS & HOLLISTER LLP
Erica Spitzig
ESpitzig@taftlaw.com

Philip Comella
PComella@taftlaw.com

/s/ Kalila J. Jackson
Kalila J. Jackson