**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| CORNELIUS BENNETT AND EARLIE FUSE </br></br>    Plaintiffs, </br></br> v. </br></br> CITY OF CENTREVILLE, TOWNSHIP OF CENTREVILLE, COMMONFIELDS OF CAHOKIA, MARIUS "MARK" JACKSON, CURTIS MCCALL, LAMAR GENTRY, AND DENNIS TRAITEUR </br></br>    Defendants. | Civil Action No. 3:20-cv-00530-DWD </br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO BAR DEFENDANTS' UNTIMELY PRODUCED/ DISCLOSED DOCUMENTS AND FOR SANCTIONS**

COME NOW Plaintiffs EARLIE FUSE AND CORNELIUS BENNETT, by and through their undersigned counsel, and move this Honorable Court to Strike Defendants' untimely sent Documents in Response to Plaintiff's First and Second Request for Production of Documents. In support of their Motion, Plaintiffs state as follows:

**FACTUAL BACKGROUND**

1. The above stated case was filed by Mr. Fuse and Mr. Bennett on June 5, 2020.

2. On November 20, 2020, Plaintiffs served Defendants City of Centreville, Marius Jackson, Curtis McCall, Sr., Dennis Traiteur, Commonfields of Cahokia, Lamar Gentry, and the Township of Centreville with Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for Production of Documents and Other Things. *See* **Exhibit 1**, enclosed here and incorporated by reference as though fully set forth herein.

1

3. On February 4, 2021, Plaintiffs received Objections and Responses from Defendants Curtis McCall, Sr., Dennis Traiteur, & Commonfields of Cahokia with serious deficiencies. On April 5, 2021, Plaintiffs received Objections and Responses from Defendant Jackson and the City of Centreville with serious deficiencies. Also, on April 5, 2021, Plaintiffs received deficient Objections and Responses from Defendant Lamar Gentry. Plaintiffs did not receive any response from Defendant the Township of Centreville.

4. On September 3, 2021, Plaintiffs' counsel served Defendant City of Centreville with Plaintiffs' Second Request for Production. *See* **Exhibit 2**, enclosed here and incorporated as though fully set forth herein.

5. On March 2, 2022, Plaintiffs' counsel sent counsel for Defendants letters by email requesting that Defendants correct their extensive discovery deficiencies. The letters requested that the Defendants' responses be supplemented within ten (10) calendar days. *See* **Exhibit 3** enclosed here and incorporated by reference as though fully set forth herein.

6. On March 11, 2022 and March 31, 2022, respectively, Mark C. Scoggins ("Mr. Scoggins"), counsel for Curtis McCall, Commonfields of Cahokia, City of Centreville, Marius Jackson, and Dennis Traiteur, sent an email to Counsel for Plaintiffs in response to the letters, which stated he would "review your [Plaintiff's] original discovery requests and supplement them if there is any additional information that has become available since our answer." *See* **Exhibit 4** enclosed here and incorporated by reference as though fully set forth herein.

7. On July 8, 2022, Plaintiffs filed a motion to compel asking the Court to order Defendants to supplement their response to Plaintiffs' Request for Production of Documents [DOC. 105].

8. On January 11, 2023, the Court denied the motion but ordered Defendants to respond to Plaintiffs' discovery requests within thirty (30) days [DOC 120]. Defendants failed to comply with the Court's order and nothing was received by Plaintiff within or after that deadline.

9. On August 3, 2023, Plaintiffs sent all Defendants an updated Discovery Discrepancy Letter detailing all of the outstanding discovery responses still needed from all Defendants. It asked that Defendants respond in the next five calendar days. *See* **Exhibit 5** enclosed here and incorporated by reference as though fully set forth herein.

10. Since the initiation of this case, the discovery deadline has been extended *six* times (over a *two-year* extension), with the final discovery deadline set for August 22, 2023. [DOC 124].

11. Defendants did not provide adequate or complete Discovery responses prior to the August 22, 2023 deadline laid out in the Parties' joint scheduling order.

12. In fact, Defendants did not supplement their response—or in the case of some Defendants, even respond—to Plaintiffs' Requests for Production of Documents until September 21, 2023, when Defendants' counsel emailed Plaintiffs' counsel 4,390 pages of documents, and September 27, 2023, when Defendants' counsel emailed Plaintiffs' counsel 4,358 pages of documents.

13. On October 12, 2023, Defendants City of Centreville and Marius Jackson responded through counsel to Plaintiffs' August 3rd letter. This document included Defendants City of Centreville and Marius Jackson's responses and objections to Plaintiffs First Request for Production of Documents, which was sent to Defendants on **November 20, 2020**. Most of the responses reference depositions taken in the case as well as Defendants' joint late production of 8,748 documents on September 21 and 27. This response comes almost an entire three years after

discovery was served on Defendants and a month and a half after the close of discovery in this case. *See* **Exhibit 6**, enclosed here and incorporated by reference as though fully set forth herein.

14. When asked why Defendants had failed to produce any responsive documents to Plaintiffs, Erica Spitzig ("Ms. Spitzig"), counsel for Defendant City of Centreville, explained to Plaintiffs' counsel that the documents produced on September 21, 2023 and September 27, 2023 were not produced prior to the discovery deadline because they were located in a basement closet in one of the Centreville City buildings that no one had searched. *See* **Exhibit 7**, enclosed here and incorporated by reference as though fully set forth herein. *See also* **Exhibit 8**, enclosed here and incorporated by reference as though fully set forth herein.

15. Per the parties' Joint Scheduling Order approved by this Court, dispositive motions were due on September 22, 2023 and the trial date is set for January 29, 2024. [DOC 124]. These thousands of pages of documents were produced to Plaintiffs more than two years after the Plaintiffs' requests and a month after the discovery deadline—as the case hurdles towards an impending trial date.

## ARGUMENT

16. Federal Rule of Civil Procedure 26(e)(1)(A) provides that, "a party who has . . . responded to an interrogatory . . . [or] request for production . . . must supplement . . . its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(e)(1)(A).

17. Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26 . . . (e) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless". Fed. R. Civ. P. 37(c)(1).

18. "Any ruling on the ultimate admissibility of [untimely produced] documents will be at the discretion of the District Judge." *Taylor v. Cook Cty. Sheriff's Office*, No. 13 C 1856, 2019 U.S. Dist. LEXIS 159134, at *5 (N.D. Ill. Sep. 16, 2019); *see also Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1052 (7th Cir. 1998) ("District judges enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case.").

19. The Seventh Circuit has set out the following factors to guide the district court's discretion in determining the existence of a substantial justification or the harmlessness of late production of documents: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

20. A party acts in "bad faith" when it "delays or disrupts the litigation or hampers a court order's enforcement." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 111 S. Ct. 2123, 2126, 115 L.Ed. 2d 27 (1991) (citing *Hutto v. Finney*, 437 U.S. 678, 689, n. 14, 98 S. Ct. 2565, 2573, n.14, 57 L. Ed. 2d 522 Pp. 2132-2133 (1978)).

21. However, even a party's negligent failure to follow Court ordered discovery procedures necessitates sanctions. "[A]ny noncompliance with a court-ordered discovery deadline is a ground for some form of sanctions." *Bluestein v. Cent. Wisconsin Anesthesiology, S.C.*, 296 F.R.D. 597, 600 (W.D. Wis. 2013) (citing to *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). The Seventh Circuit in *Tamari* explained that "[t]he weight of authority … holds that the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." (citing *Societe Internationale v. Rogers,* 357 U.S. 197, 208, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958); *Marquis*

*v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978)). The Court went on further to state that "[c]ourts have thus held that negligent failure to follow discovery proceedings may trigger sanctions." (citing *id*,; *Marquis v. Chrysler Corp.*, *David v. Hooker, Ltd.*, 560 F.2d 412, 418-20 (9th Cir. 1977); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145-46 (N.D.Ill. 1982)).

22. With the dispositive motion deadline passed and the trial date immediately approaching, the combined 8,748 pages of discovery produced on September 21, 2023 and September 27, 2023 severely prejudices Plaintiffs from conducting a sufficient review of the documents and has prevented Plaintiffs from using any of the documents to guide depositions or seek further discovery based on the documents. *See Taylor v. Cook Cty. Sheriff's Office*, No. 13 C 1856, 2019 U.S. Dist. LEXIS 159134, at *14-15 (N.D. Ill. Sep. 16, 2019) ("The Court agree[d] that the late disclosure creates prejudice for Defendants since they cannot conduct any of their own discovery about these [documents]" and struck the aforementioned documents); *see also id.* at *4

23. Because the trial date has already been set and is quickly approaching, Plaintiffs are unable to cure this prejudice, and the late production will disrupt Plaintiffs' preparation for trial. This late production has already impacted Plaintiffs' discovery in regards to depositions as Plaintiffs were unable to question potential witnesses on the documents contained in this document set—specifically the financial records that included audits for many years. Importantly, in *Taylor*, the Court stated that "the late production of these documents will not cause any disruption to the trial in this case as no trial date has even been set yet," but still struck some of the untimely produced documents under the first prong of the *Caterpillar* factors. *Id.* at *6. Thus, with these added harms not present in the *Taylor* case and Defendants producing over *four times* what Plaintiff produced late in *Taylor*, this Court is justified in striking all of Defendants' untimely produced documents. *See id.* at *4.

24. There are grounds for this Court to find that these 8,748 pages of documents from Defendants were produced after the close of discovery willfully and in bad faith as the late production failed to follow this Court's scheduling order even though Defendants had been in possession of the documents all along. However, even if the late production was not made willfully and in bad faith, it was at the very least negligent. The documents were always in Defendants' possession–a basement closet of one of the Centreville City buildings. Defendants failed to search for the documents, and there is no evidence a diligent search was ever made over the prior two years for the responsive documents, despite numerous requests from Plaintiffs' counsel, an order from the Court mandating this production *seven months ago*, and six extensions (over two years time) of the discovery deadline to do so. With respect to the category of documents the Court struck in *Taylor*, the Court stated, "[i]t is not disputed that these [documents] have been in Plaintiff's possession for a long time, and he failed to produce them until after the close of discovery. The Court agrees that Plaintiff has not offered any reasonable explanation for their late production." *Id.* at *10.

25. Plaintiffs request this Court order sanctions against Defendants and Defendants' counsel for their failure to abide by discovery deadlines ordered by this Court. "An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

26. Barring Defendants from using the 8,748 pages of documents that were produced after the close of discovery is a proportionate sanction, considering Plaintiffs' counsel requested these documents numerous times, the Court ordered the production of these documents *seven months ago*, and Defendants were given six extensions (over a two-year time frame) to fulfill their

discovery obligations within the discovery period—all while the trial date has already been set and continues to approach.

27. Plaintiffs are not asking this Court to grant judgment in this case, as other parties have in similar situations. *See Bluestein*, 296 F.R.D. 597, 600 (W.D. Wis. 2013) (considering dismissal of case). Instead, Plaintiffs are merely requesting that Defendants not be permitted to profit from their misdeeds. This is not a disproportionate ask as it merely follows the guidelines and requirements laid out in Fed. R. Civ. Pro. 37.

WHEREFORE, for the reasons set forth above, Plaintiff is requesting this Honorable Court Strike Defendants' 8,748 pages of improperly and untimely sent Documents in Response to Plaintiff's First and Second Requests for Production of Documents.

Respectfully submitted,

**EQUITY LEGAL SERVICES, INC.**

w/consent:  /s/Nicole D. Nelson
Nicole D. Nelson
Attorney for Plaintiffs
P: 618.693.9800
E: nnelson@equitylegalservices.org


**METROPOLITAN ST. LOUIS EQUAL HOUSING & OPPORTUNITY COUNCIL**

w/consent  /s/Kalila J. Jackson
Kalila J. Jackson, Pro hac vice
Attorney for Plaintiffs
Senior Staff Attorney
P: 314-534-5800
E: kjackson@ehoc-stl.org


/s/Kennedy Moehrs Gardner
Kennedy Moehrs Gardner

        Attorney for Plaintiffs
        Staff Attorney
        P: 314-534-5800
        E: kjackson@ehoc-stl.org

        **NAACP**

w/consent: /s/Martina Tiku
        Martina Tiku, Pro hac vice
        Attorney for Plaintiffs
        Assistant General Counsel
        P: 443-472-9473
        E: mtiku@naacpnet.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2023, I electronically served this document to the following:

CROWDER & SCOGGINS, LTD.
Mark C. Scoggins
mscoggins@crowderscoggins.com

CLAYBORNE & WAGNER
Mike Wagner
mwagner@cswlawllp.com


TAFT STETTINIUS & HOLLISTER LLP
Erica Spitzig
ESpitzig@taftlaw.com

Philip Comella
PComella@taftlaw.com

9