IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS BENNET<br>EARLIE FUSE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF CENTERVILLE ET AL.,<br><br>                    Defendants. | Case No.: 3:20-cv-00530-DWD |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
JOINT MOTION FOR SUMMARY JUDGMENT**

Defendants have not waived the affirmative defense of immunity under Illinois' Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"). Contrary to Plaintiffs' assertions in their Response, affirmative defenses may be raised for the first time in a motion for summary judgment where the opposing party will not be unfairly prejudiced. Indeed, the cases cited in Plaintiffs' Response stand for this proposition. Defendants submit this Reply, pursuant to SDIL-LR 7.1(g), based on the exceptional circumstance of correcting Plaintiffs' misstatements of the law regarding waiver of affirmative defenses.[1] As set forth herein, Defendants did not waive the affirmative defense of immunity under the Tort Immunity Act and this Court should reject Plaintiffs' false claim that Defendants cannot raise the affirmative defense in their Motion.

**ARGUMENT**

While the general rule requires affirmative defenses to be set forth in a party's answer,

---

[1] Reply briefs are permitted where the party files the reply to correct legal inaccuracies or misstatements, or where the party is responding to points made in the response not previously included in the underlying motion. *See Eagle Forum v. Phyllis Schlafly's Am. Eagles*, No. 16-CV-946-NJR, 2020 WL 374557, * at 9 (S.D. Ill. Jan. 23, 2020); *see also Unger v. Granite Nursing & Rehab Ctr., LLC*, Case No. 3:20-CV-805-MAB, 2021 WL 1589349, * at 4 (S.D. Ill. Apr. 23, 2021).

1

Illinois courts permit affirmative defenses to be raised for the first time in a motion for summary judgment where the party asserting waiver is not unfairly prejudiced, particularly where the party will have sufficient time before trial to respond to the defense. *Hanley v. City of Chicago*, 343 Ill. App. 3d 49, 54 (1st Dist. 2003) (citing *Horwitz v. Bankers Life & Casualty Co.,* 319 Ill. App. 3d 390, 399, 745 N.E.2d 591, 598 (1st Dist. 2001)). Federal courts also allow a party to raise an affirmative defense outside of the answer so long as the plaintiff is not harmed as a result. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005).

Despite Plaintiffs' reliance on *Hanley* and *Curtis* for the proposition that affirmative defenses not raised in an answer are waived (Doc. 147 at 11), the decisions actually support the exception to this rule: that affirmative defenses may be raised in a motion for summary judgment absent prejudice to the opposing party.[2] In *Hanley*, the court allowed the defendant to raise an affirmative defense—immunity under the Tort Immunity Act—in its motion for summary judgment filed 45 days prior to the start of trial, because there was ample time for the plaintiff to respond and therefore no prejudice to the plaintiff would result. *Id*. *See also Horwitz v. Bankers Life & Casualty Co.,* 319 Ill. App. 3d at 399. In *Curtis*, 436 F.3d at 711, the court allowed the defendant to assert the affirmative defense of lack of exhaustion in its motion for summary judgment because the plaintiff was aware of the exhaustion issue when filing the complaint, he confronted the defense in responding to the motion for summary judgment, and he therefore was not prejudiced.

Here, Plaintiffs will not be unfairly prejudiced by allowing Defendants to raise the

---

[2] Plaintiffs also rely on *Donath v. Village of Plainfield*, 2020 IL App (3d) 190762, ¶ 17-19, where the Court disregarded the plaintiff's waiver claim and allowed the defendant to raise an affirmative defense under the Tort Immunity Act in its motion for summary judgment.

immunity defense in their summary judgment motion. Indeed, Plaintiffs can hardly claim to be surprised by Defendants' raising immunity in the Motion. As Plaintiffs admit, some Defendants previously argued they were entitled to immunity under the Public Duty Rule (745 ILCS 10/3-102(a)) in their Joint Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 40 at 5). (Doc. 147 at 12.) And in their Reply to Defendants' Joint Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction, Plaintiffs *anticipated* that Defendants would raise immunity under the Tort Immunity Act and preemptively argued that Defendants were not entitled to such immunity. (Doc. 44 at 4-5).

Plaintiffs also will have sufficient time and opportunity to respond to the defense. Defendants' Motion was filed 129 days before trial is scheduled to begin on January 29, 2024, giving Plaintiffs ample time to respond to the immunity defense at trial . *See Hanley*, 343 Ill. App. 3d 49 (1st Dist. 2003). Plaintiffs also continue to have time and opportunity to conduct discovery on Defendants' eligibility for immunity under the Tort Immunity Act. Although discovery in this matter is closed, Plaintiffs have yet to conduct their final deposition in this case, and Defendants have accommodated the yet to be scheduled deposition of a representative of the City of Centreville pursuant to Fed. R. Civ. P. 30(b)(6). And as set forth in their Response, Plaintiffs already *have* developed extensive facts through discovery that they believe support their argument that the City is not entitled to immunity. (Doc. 147 at 14-16.) Plaintiffs will also have the opportunity to raise similar questions for witnesses called at trial, should the Court deny Defendants' Motion.

In sum, this Court should disregard Plaintiffs' claim that Defendants waived the affirmative defense of immunity under the Tort Immunity Act, and, for the additional reasons set forth in

Defendants' Motion, the Court should grant summary judgment in Defendants' favor on all of Plaintiffs' claims.

## CONCLUSION

For these reasons, Defendants respectfully request this Court find Defendants did not waive the affirmative defense of immunity under the Tort Immunity Act and grant summary judgment in their favor on all of Plaintiffs' claims.

Respectfully submitted,

/s/  Erica M. Spitzig
TAFT STETTINIUS & HOLLISTER LLP
Erica M. Spitzig, *admitted pro hac vice*

TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
espitzig@taftlaw.com

/s/  Philip L. Comella (with consent)
TAFT STETTINIUS & HOLLISTER LLP

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527-4000
Facsimile:  (312) 527-4011
PComella@taftlaw.com

/s/  Mark C. Scoggins (with consent)
CROWDER & SCOGGINS, LTD.

CROWDER & SCOGGINS, LTD.
121 West Legion Avenue (physical address)
P.O. Box 167 (mailing address)
Columbia, IL 62236
Telephone:  (618) 281-7111
Facsimile:  (618) 281-7115
mscoggins@crowderscoggins.com

                                                                     */s/ Michael L. Wagner* (with consent)
                                                                     CLAYBORNE & WAGNER

CLAYBORNE & WAGNER
525 W Main St #105
Belleville, IL 62220
Telephone: (618) 239-0187
Facsimile: (618) 416-7556
mwagner@cswlawllp.com

## CERTIFICATE OF SERVICE

     I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Nicole D. Nelson | Kalila J. Jackson |
| Equity Legal Services, Inc. | Metropolitan St. Louis Equal Housing & |
| nnelson@equitylegalservices.org | Opportunity Council |
| | kjackson@ehoc-stl.or |
| Martina Tiku | |
| NAACP | |
| mtiku@naacpnet.org | |

                                                                     */s/Erica M. Spitzig*