IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS BENNET<br>EARLIE FUSE,<br><br>                Plaintiffs,<br><br>vs.<br><br>CITY OF CENTERVILLE ET AL.,<br><br>                Defendants. | Case No.: 3:20-cv-00530-DWD |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
TO BAR DEFENDANTS' UNTIMELY PRODUCED/DISCLOSED
<u>DOCUMENTS AND FOR SANCTIONS</u>**

Plaintiffs' Motion to Bar Defendants' untimely produced/disclosed documents and for sanctions (the "Motion") ignores the realities of this case. Defendant City of Centreville no longer exists, it no longer maintains any property, and it no longer has any staff. Searching for records of the former City has been difficult as a result, and former City employees must essentially volunteer their time to search for documents. Despite these realities, Defendants have been diligent in searching for records of the former City, as evidenced by their recent efforts to search through numerous boxes of paper records in order to supplement their prior production.

Plaintiffs also waited six months to raise any alleged issues with Defendants' February 2023 production and discovery responses, waiting until discovery had nearly concluded to send Defendants a twenty-three page letter identifying alleged deficiencies, and asking Defendants to supplement their production. Given the time and effort necessary to respond, the parties agreed that Defendants would produce the supplemental documents after the close of discovery and before the Rule 30(b)(6) deposition of a representative of the former City of Centreville that has yet to take place. Despite Defendants' diligence in complying with this request and searching through

1

the records of a City that no longer exists, Plaintiffs now complain that they have received *too many* documents.

This supplemental production was consistent with Defendants' duty under Rule 26(e), and will not prejudice the Plaintiffs. The production was completed 124 days before trial, providing Plaintiffs more than sufficient time to prepare. And Plaintiffs have yet to complete their final deposition, which Defendants continue to be willing to accommodate despite the close of discovery on August 22, such that they could question a representative of the City of Centreville regarding the documents during that deposition. As set forth herein, this Court should deny Plaintiffs' Motion and permit the documents to be used at trial.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2023, this Court denied Plaintiffs' Motion to Compel filed on August 11, 2022 and directed Defendants to respond to any outstanding discovery requests within thirty days (the "January Order"). (Doc. 120.) On February 10, 2023, in accordance with the January Order and contrary to Plaintiffs allegations (Doc. 150 at 3), Defendants provided the following to Plaintiffs (the "February Production"):

- Defendants' Dennis Traiteur and Commonfields of Cahokia's Supplemental Answers and Objections to Plaintiffs' Interrogatories Directed to Dennis Traiteur and Commonfields of Cahokia;
- Defendant Commonfields of Cahokia Public Water District's Supplemental Response/Objections to Plaintiffs' First Request for Production;
- Defendant Curtis McCall, Sr.'s Supplemental Answers and Objections to Plaintiffs' Interrogatories Directed to Defendant Curtis McCall, Sr.; and
- Defendant Dennis Traiteur's Supplemental Response/Objections to Plaintiff's First Request for Production of Documents.

*See* Declaration of Mark C. Scoggins ("Scoggins Dec."), ¶ 3 (a true and accurate copy of the Scoggins Dec. is attached hereto as Exhibit A); Scoggins Dec., Exh. 1. In preparing the February Production, as with prior productions, diligent searches for documents were undertaken, including

2

searches of any available records for responsive documents. *See* Declaration of Michael L. Wagner ("Wagner Dec."), ¶ 4 (a true and accurate copy of the Wagner Dec. is attached hereto as Exhibit B).

On July 13, 2023, the parties participated in a status conference with the Court, during which discovery was discussed. *See* Wagner Dec., ¶ 6. During this teleconference, Defendants informed the Court that the City of Centreville had not existed for over two (2) years and that a diligent search was undertaken for documents and information, but there were no City of Centreville officials remaining to provide the location of responsive documents. *Id*., ¶ 6. Specifically, the City of Centreville merged into the City of Cahokia Heights on May 6, 2021, in a consolidation that included the former communities of Alorton, Centreville, and the Village of Cahokia Heights. *Id*., ¶ 2.

On August 3, 2023, approximately six months after their receipt of the above listed items and only 19 days before the close of discovery, Plaintiffs emailed Defendants a twenty-three (23) page letter (the "August Letter") alleging deficiencies in Defendants' discovery responses. *See* Scoggins Dec., ¶ 5; Scoggins Dec., Exh. 2. Plaintiffs requested that Defendants submit supplemental responses within five (5) calendar days of receipt. *Id*. On August 4, 2022, Defendants responded and indicated they would provide a response to the August Letter as soon as possible. *Id*., ¶ 6; *Id*., Exh. 3.

On August 7, 2023, Plaintiffs served Defendants with a Notice of Deposition under Rule 30(b)(6) and identified a number of broad categories of anticipated testimony. *Id*., ¶ 7; *Id*., Scoggins Dec. Exh. 4. On September 20, 2023, Plaintiffs corrected the notice, and identified the former City of Centreville as the intended recipient (the "Notice"). *Id*.

On August 18, 2023, Defendants acknowledged to Plaintiffs their ongoing duty to supplement their discovery response up to the time of trial and that Defendants would respond to the August Letter well in advance of trial. *Id*., ¶ 8; *Id*., Exh. 5. Discovery in this case closed on August 22, 2023. (Doc. 124.) During calls with counsel for both parties on September 12 and September 20, 2023, the parties agreed that Defendants would respond to the August Letter by October 12, 2023 and would supplement their production with documents responsive to the August Letter and relevant to the topics in the Notice by September 29, 2023 – the then scheduled date for the deposition of LaMar Gentry, as representative of the former City of Centreville pursuant to the Notice.[1] *Id*., ¶ 9; *Id*., Exh. 6.

Defendants made significant efforts to locate all responsive documents in an effort to fully identify documents relevant to the broad topics identified in the Notice, which included broad categories, including "accounting records," "revenue," and "expenditure records or reports." *Id*., ¶¶ 10, 12. These efforts included identifying former staff of the City of Centreville, who have since moved on to other jobs, to search and locate boxes of old City of Centreville documents. *Id*. The former staff ultimately located and searched through numerous boxes containing a variety of responsive and non-responsive documents stored in the basement of a public building *that never belonged to the City of Centreville*. *Id*. Former staff of the City of Centreville made their best effort to produce all documents relevant to the categories identified in the Notice and to respond to the August Letter. *Id*., ¶ 11.

On September 13, 2023, Plaintiffs produced to Defendants approximately 1,582 documents, which they indicated would be used at trial. *Id*., ¶ 13. On September 21, 2023 and September 27, 2023, Defendants produced documents to Plaintiffs relevant to the Notice and

---

[1] This deposition was later cancelled and has yet to be rescheduled.

request to supplement discovery in the case (the "Supplemental Production). *Id.*, ¶ 14. On October 12, 2023, counsel provided a written response to the August Letter, responding to each inquiry concerning supplemental discovery. *Id.*, ¶ 15; *Id.*, Exh. 7.

Approximately three months after receiving Defendants' Supplemental Production, and nearly two months after receiving Defendants' response to the inquiries in Plaintiffs' August Letter, Plaintiffs filed the Motion.

## ARGUMENT

Sanctions under Rule 37(c)(1) are appropriate only where a party fails to meet its obligations under Rule 26(a) or (e). The opposite happened here: Defendants worked diligently to locate previously unidentified documents, and then delivered them to Plaintiffs within days of discovering them and well within the time frame agreed to by the parties. Defendants actions were consistent with their duty to supplement under Rule 26(e), and there is no basis for sanctions.

### A. The Supplemental Production was Consistent with Defendants' Duty to Supplement under Rule 26(e).

Parties have a duty to supplement their discovery responses and document productions when previously unknown, responsive information or documents are discovered. *U.S. Commodity Futures Trading Com'n v. Kratville*, 796 F.3d 873, 887-88 (8th Cir. 2015); *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 480 (W.D. Va. 2010). Rule 26(e)(1)(A) requires:

> [A] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A). Thus, parties are required to supplement their responses and disclosures with newly discovered documents, information, and witnesses even after the close of discovery—indeed, up to the time of trial—and such supplementation is timely so long as it is

made within a reasonable time after the information or documents are identified. *See Marianjoy Rehabilitation Hosp. v. Williams Elecs. Games*, No. 94 C 4918, 1996 U.S. Dist. LEXIS 10119 (N.D. Ill. July 18, 1996). *See also Kratville*, 796 F.3d at 887-88; *Quesenberry*, 267 F.R.D. at 480.

Consistent with their duty under Rule 26(e)(1)(A), Defendants supplemented their prior discovery responses and productions within days of discovering the documents included in the Supplemental Production. *See* Scoggins Dec., ¶ 10; *Id*., ¶ 13. Former staff of the City of Centreville did not previously know of the location or existence of these documents, which were located in the basement of a public building never owned by the City of Centreville, commingled with other documents in numerous boxes of records of the former city. *Id*., ¶ 10. Following extensive search efforts by the former staff that uncovered the documents, Defendants immediately disclosed the newly discovered documents in their Supplemental Production. *Id*., ¶ 14.

Defendants' Supplemental Production was a timely supplementation of Defendants' discovery responses, consistent with the requirements of Rule 26(e). Consequently, the exclusionary provisions of Rule 37(c) should not be triggered because Defendants did not fail to comply with their disclosure obligations, and Plaintiffs' motion should be denied.

**B. Rule 37(c)(1) Does Not Support Imposing Sanctions.**

Sanctions are inappropriate where, as here, the party's "behavior not only is not prohibited by the Federal Rules of Civil Procedure, but is required by them." See *Marianjoy*, 1996 U.S. Dist. LEXIS 10119, at * 8-10. Even if the Supplemental Production somehow did not meet the requirements of Rule 26(e), sanctions under Rule 37(c)(1) are improper, because the timing of the production was both harmless and justified. Rule 37(c)(1) provides that where a party "fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion under Rule 37(c)(1) "is

automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003) (cleaned up). Courts consider several factors when deciding whether noncompliance with Rule 26(e) is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*.

Each of the factors in *Caterpillar* favors denying the Motion. First, Plaintiffs have ample time to prepare for trial. Defendants' Supplemental Production was made 124 days before trial is scheduled to begin on January 29, 2024. (Doc. 124.). Plaintiffs also have time and opportunity to conduct discovery on the Supplemental Production. Discovery in this matter may be closed, but Plaintiffs have yet to conduct their final deposition in this case, and Defendants have accommodated the yet to be scheduled deposition of a representative of the City of Centreville pursuant to Fed. R. Civ. P. 30(b)(6). Contrary to Plaintiffs' allegations otherwise (Doc. 150 at 6), Plaintiffs will have the opportunity to question the Rule 30(b)(6) deponent on the Supplemental Production documents.

Importantly, the Supplemental Production was neither willful nor in bad faith. Defendants timely responded to this Court's January Order and corrected the alleged discovery deficiencies. *See generally*, Scoggins Dec. Plaintiffs waited six months to raise any alleged issues with Defendants' February 2023 production and discovery responses, until discovery had nearly concluded, and then served Defendants with a twenty-three page letter identifying alleged deficiencies and asking Defendants to supplement their production. Plaintiffs do not explain the reason for this delay or why Defendants should bear the burden of sanctions when Plaintiffs could

have raised these alleged deficiencies much earlier to allow for resolution before the close of discovery.

After receiving this letter, former staff of the City of Centreville and Defendants' attorneys made a good faith effort to honor their duty under Rule 26(e) and searched for additional documents relevant to the Notice and alleged discovery deficiencies in the August Letter. But this was not a simple search, because the City of Centreville no longer exists. *See* Scoggins Dec., ¶ 2. Former staff of the City of Centreville did not know of the existence or location of such documents, which were spread across numerous boxes containing records of the former City located in the basement of a public building never owned by the City of Centreville. *Id.*, ¶ 10. Following extensive search efforts by the former staff that uncovered the documents, Defendants immediately disclosed the newly discovered documents in their Supplemental Production. *Id.*, ¶ 14.

Thus, because any alleged delay in providing the Supplemental Disclosure was harmless and justified this Court should deny the Motion. Alternatively, Rule 37(c)(1) also provides the Court with discretion to "match a remedy to the wrong," if any wrong even exists here. *See Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649-50 (7th Cir. 2012) (citing *Ball v. City of Chicago*, 2 F.3d 752 (7th Cir. 1993)). Defendants have accommodated Plaintiffs' need to complete discovery activities despite discovery having concluded on August 22, 2023, including the continued scheduling of Plaintiffs' final deposition and Plaintiffs' own supplementation of their discovery with over 1,500 pages of documents they intend to use at trial. Indeed, the Motion itself appears to be a thinly veiled plea for additional time by the Plaintiffs. Defendants have previously communicated to Plaintiffs that they would not object to an extension of the period for fact discovery, and it would seem that an appropriate remedy here would be for the Court to allow the

parties time to more fully review the documents to evaluate whether limited, additional discovery is needed.  *See Marianjoy*, 1996 U.S. Dist. LEXIS 10119, at *10.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiffs' Motion to Bar Defendants' Untimely Produced/Disclosed Documents and for Sanctions.

Respectfully submitted,

/s/  Erica M. Spitzig
TAFT STETTINIUS & HOLLISTER LLP
Erica M. Spitzig, *admitted pro hac vice*

TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
espitzig@taftlaw.com

/s/  Philip L. Comella (with consent)
TAFT STETTINIUS & HOLLISTER LLP

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527-4000
Facsimile:  (312) 527-4011
PComella@taftlaw.com

/s/  Mark C. Scoggins (with consent)
CROWDER & SCOGGINS, LTD.

CROWDER & SCOGGINS, LTD.
121 West Legion Avenue (physical address)
P.O. Box 167 (mailing address)
Columbia, IL 62236
Telephone:  (618) 281-7111
Facsimile:  (618) 281-7115
mscoggins@crowderscoggins.com

                                                                             */s/  Michael L. Wagner* (with consent)
                                                                                   CLAYBORNE & WAGNER

CLAYBORNE & WAGNER
525 W Main St #105
Belleville, IL 62220
Telephone:  (618) 239-0187
Facsimile:  (618) 416-7556
mwagner@cswlawllp.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Nicole D. Nelson<br>Equity Legal Services, Inc.<br>nnelson@equitylegalservices.org | Kalila J. Jackson<br>Metropolitan St. Louis Equal Housing &<br>Opportunity Council<br>kjackson@ehoc-stl.or |
| Martina Tiku<br>NAACP<br>mtiku@naacpnet.org | Kennedy Moehrs Gardner<br>Metropolitan St. Louis Equal Housing &<br>Opportunity Council<br>kjackson@ehoc-stl.org |

                                                  /s/  Erica M. Spitzig