IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS BENNETT AND<br>EARLIE FUSE<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF CENTREVILLE,<br>TOWNSHIP OF CENTREVILLE,<br>COMMONFIELDS OF CAHOKIA, MARIUS<br>"MARK" JACKSON, CURTIS MCCALL,<br>LAMAR GENTRY, AND DENNIS TRAITEUR<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 3:20-cv-00530-DWD<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) **ORAL ARGUMENT REQUESTED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION TO BAR AND FOR SANCTIONS

COME NOW Plaintiffs EARLIE FUSE AND CORNELIUS BENNETT, by and through their undersigned counsel, and pursuant to Southern District of Illinois Local Court Rules 7.1(a)(4) and 7.1(b)(2)(B) state the following in reply to Defendants' Response to Plaintiffs' Motion to Bar and for Sanctions:

Defendants response to Plaintiffs' Motion to Bar truly ignores the realities of this case and seeks to deny all responsibility for counsel's failure to diligently pursue records that have been requested since November of 2020. This reply brief is being filed due to exceptional circumstances as required by Southern District of Illinois Local Court Rule 7.1(a)(4) to respond to and correct material misstatements and mischaracterizations in Defendants' Response (Doc. 152) so that this Court has a clear picture of what has been occurring over the three years this case has been pending. This is not a situation where Defendants all of the sudden came upon a

1

large trove of potentially relevant documents after conducting a diligent search and immediately turned them over to Plaintiffs under their duty of supplementation as Defendants would make the Court believe. Instead, Defendants were provided with initial requests for production in November of 2020, did not pursue the requests or conduct a diligent or thorough search for the documents, all the while telling Plaintiffs for three years they would supplement, only to actually conduct the search after receiving a second deficiency letter in August of 2023, soon before the close of discovery. Defendants' untimely disclosure of such a large amount of documents and their subsequent failure to locate and provide them earlier is a veiled attempt at delaying this case and trial. Like the cases cited in Plaintiffs' initial motion, this conduct gives rise to sanctions barring Defendants' use of the untimely disclosed documents.

     Defendants claim the over 8000 pages of records provided to Plaintiffs a month after the discovery deadline were recently discovered after contacting former City of Centreville officials in response to Plaintiffs' August 3, 2023 deficiency letter. *See* Doc 150 Ex. 5. They further claim that Plaintiffs waited until August 3, 2023 to outline the deficiencies in Defendants discovery responses. Doc 152, pg. 7. What Defendants fail to recognize is that the letter sent on August 3, 2023 laying out numerous discovery deficiencies was not the first letter sent to Defendants saying as much. *See* Doc 150 Ex. 3. In fact, Plaintiffs provided Defendants with a substantially similar letter on March 2, 2022 laying out numerous discovery deficiencies, including but not limited to addressing Defendants' discovery objections that claimed the City of Centreville no longer existed so it could not provide documents in response to Plaintiffs requests. *Id.* Contrary to what Defendants clearly claim in their response, Plaintiffs did in fact raise the alleged deficiencies much earlier. Defendants have been on notice for three years that financial records and other documents included in the recent 8000+ disclosure were requested and were asked

three times now to produce them, twice from Plaintiffs through deficiency letters and once by the Court in ordering Defendants to respond to discovery. *See* Doc 120. Defendants claim they just started searching for these records after receiving the August 3rd letter and disclosed them as soon as possible. Doc. 152, pg. 8. If this is in fact the case, Defendants have failed their duty of due diligence in putting together discovery responses as they should have been conducting these searches for three years. Plaintiffs can't help but surmise that if Defendants had started their search after receiving the original requests for production in November 2020, they would have been able to locate and produce these same documents around January of 2021 since it seemed to only take them a little more than one month to locate the documents after receiving the August 3rd letter.

     Defendants further urge the Court to have sympathy on them because the search for the 8000+ pages of improperly and untimely disclosed documents was extremely difficult as the City of Centreville is no longer in existence and it was very difficult to get in touch with past City officials to locate the documents. Aside from some of the Defendants in the case being the exact City officials needed to locate the documents, the fact that the municipalities merged in May of 2021 does not absolve Defendants of any liability or responsibility for maintaining their records. In fact, under the Freedom of Information Act and Illinois Code, Defendants assumed the same duties under the merger to respond to this lawsuit which included maintaining documents that could be relevant to it. *See* 65 Ill. Comp. Stat. 5/7-2-9, 5/7-2-12. This case was filed in June of 2020. The merger did not take place until May 6, 2021. *See* **Exhibit A**, enclosed herein and incorporated by reference as though fully set forth. Defendants were on notice for a full year before the merger and since of the pending litigation and their ongoing responsibility to retain documents that may be relevant to the litigation.

Defendants make further misstatements in their response that must be addressed. Defendants state that during phone conversations surrounding discovery in August of 2023, "the parties agreed" to Defendants' proposed deadline of October 12th for supplementing their responses. Doc 152, pg. 4. In actuality, Plaintiffs did not ever agree to Defendants' proposed deadline of October 12th to receive the rest of their documents. In fact, during the aforementioned conversations, Plaintiffs made it clear they have been waiting on the documents for three years. Additionally, Defendants continue to rely on the mistaken notion that Plaintiffs have yet to take a 30(b)(6) deposition and therefore their failures in providing timely discovery responses should be forgiven. The truth is that Plaintiffs cancelled the 30(b)(6) deposition so there are no outstanding depositions at this point in the case. Even if there was an outstanding deposition at this time by agreement of the parties, that does not negate Defendants' liability for failing to timely produce the documents under Fed. R. Civ. Pro. 37(c)(1).

Plaintiffs strongly oppose Defendants' request for an extension of discovery in this case. Instead, Plaintiffs ask that this Court prohibit Defendants from benefiting from their failure to diligently search and produce extremely relevant documents that have been requested for three years. Defendants should not be allowed to use at trial the documents produced after the August 22, 2023 discovery deadline that Plaintiffs had been requesting since November 2020. Defendants claim they are only doing what the law requires in supplementing their discovery responses. Doc. 152, pgs. 5-6. In stating this, they blatantly ignore the fact that they have been producing for the last three years incomplete and unviable discovery responses without laying out proper objections or conducting diligent searches for the requested information. Defendants should not be able to benefit from their direct violation of Federal Rule of Civil Procedure 37(e). Defendants actions in failing to search for and disclose the requested documents in a timely

4

fashion were made in bad faith, and at the very least negligent, which as stated in Defendants' Motion to Bar, is disserving of sanctions.

WHEREFORE Plaintiffs Earlie Fuse and Cornelius Bennett respectfully request this Court grant Plaintiffs Motion to Bar Defendants' Untimely Produced/Disclosed Documents and for Sanctions. Plaintiffs further request oral argument on Plaintiffs' Motion to Bar.

Respectfully submitted,

**EQUITY LEGAL SERVICES, INC.**

w/consent:   /s/Nicole D. Nelson
Nicole D. Nelson
Attorney for Plaintiffs
P: 618.693.9800
E: nnelson@equitylegalservices.org


**METROPOLITAN ST. LOUIS EQUAL HOUSING & OPPORTUNITY COUNCIL**

w/consent   /s/Kalila J. Jackson
Kalila J. Jackson, Pro hac vice
Attorney for Plaintiffs
Senior Staff Attorney
P: 314-534-5800
E: kjackson@ehoc-stl.org



/s/Kennedy Moehrs Gardner
Kennedy Moehrs Gardner
Attorney for Plaintiffs
Staff Attorney
P: 314-534-5800
E: kmgardner@ehoc-stl.org

**NAACP**

w/consent:   /s/Martina Tiku
Martina Tiku, Pro hac vice
Attorney for Plaintiffs

>Assistant General Counsel
>P: 443-472-9473
>E: mtiku@naacpnet.org

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of November, 2023, I electronically served this document to the following:

CROWDER & SCOGGINS, LTD.
Mark C. Scoggins
mscoggins@crowderscoggins.com

CLAYBORNE & WAGNER
Mike Wagner
mwagner@cswlawllp.com

TAFT STETTINIUS & HOLLISTER LLP
Erica Spitzig
ESpitzig@taftlaw.com

Philip Comella
PComella@taftlaw.com