**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

CORNELIUS BENNETT AND )
EARLIE FUSE, ) Case No. 3:20-cv-00530-DWD
)
      *Plaintiffs,* ) Judge David W. Dugan
V. )
) JURY TRIAL DEMANDED
CITY OF CENTREVILLE, et al, )
)
      *Defendants.* )

<u>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY**</u>

Plaintiffs Cornelius Bennett and Earlie Fuse file this reply pursuant to Southern District of Illinois Local Court Rule 7.1(a)(4) based on the exceptional circumstances of clarifying and correcting misstatements and inaccuracies in Defendants' Response. In support of their Motion to Lift Stay, Plaintiffs respectfully state the following:

This Court should lift the current stay immediately and allow this case to proceed to trial. The basis for entering the stay no longer exists, there is no definitive end date to the stay, and any continued delay in this case would severely prejudice Plaintiffs Bennett and Fuse and denies them access to the court.

**I. Extending this Stay Order is an Abuse of Discretion**

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). However, a court's discretion to stay proceedings is not without limits. *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). When evaluating stays, courts must also consider "the danger of denying justice by delay." *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 651 (11th Cir. 2022) (citing *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 153 (1964)).

1

A stay "'so extensive that it is immoderate or indefinite' may be an abuse of discretion". *Id.* at 1416 (quoting *Landis,* 299 U.S. 248, 257 (1936)); s*ee also, Sandisk Corp. v. Phison Elecs. Corp*., 538 F. Supp. 2d 1060, 1065 (W.D. Wis. 2008) ("The Court's power to stay cases is not boundless. A stay that is so extensive as to be "immoderate" is an abuse of discretion") (*citing Cherokee Nation of Okla*., 124 F.3d at 1416 (*internal citations omitted*)); *see also Marti,* 54 F.4th at 647 (holding that appellant was entitled to an immediate appeal and relief from a denial to lift stay where the stay was deemed immoderate to such an extent as to exile the case from the federal system, and thus 'effectively out of court').

### a. The Basis for Entering the Stay No Longer Exists and it Must be Lifted

Because the purpose of entering this stay has been fulfilled, the stay should be lifted immediately to avoid further prejudice to Plaintiffs. By this Court's own order, the stay was entered to "refer this matter to the environmental agencies for assistance in evaluating and resolving the injunctive relief portions of Plaintiffs' Complaint". Dkt. 163 At 10. The environmental agencies and the United States Department of Justice have made their evaluations and enshrined them in the consent decree filed with this Court over one month ago on January 20, 2026. The purpose for entering the stay has occurred.[1] Defendants do not provide a legal basis to continue the stay. Allowing the stay to continue indefinitely for months or even years longer would deny Plaintiffs Bennett and Fuse access to Courts and necessitate immediate recourse from the appellate court.

Further, Defendants urge the Court to extend the stay so the Court may consider if any of Plaintiffs' Injunctive Relief claims have been addressed by entry of the Consent decree. Dkt.

---

[1] In their original Motion to Stay, Defendants supplied a date of August 30, 2025 as an end date for the stay. Dkt. 163 at 7. Now Defendants ask the Court to extend the stay indefinitely and litigate these claims through motion practice.

225, at 2-3. It is not necessary for the Court to waste its time or resources addressing these questions. Any relief contemplated in the Consent decree for Plaintiffs' injunctive relief claims should be incorporated into the relief ordered at trial. Plaintiffs have no problem stipulating to that. Defendants' concerns are then addressed and the Court does not have to prolong the Stay, prejudicing Plaintiffs further in the process.

**b.  Extending the Stay Would Severely Prejudice Plaintiffs Bennett and Fuse**

In deciding whether to issue a stay, a "court must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-5. "The proponent of a stay bears the burden of establishing its need". *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis,* 299 U.S. at 255. When balancing these interests, the "court must be mindful of any hardship that might be borne by the opposing party; for example, that 'delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party'." *Brown v. United States*, 131 Fed. Cl. 540, 541 (2017) (quoting *Jones*, 520 U.S. 681, 707-08 (1997) (*citation modified*)).

Plaintiffs Bennett and Fuse are retired seniors who deserve to live out their remaining years in dignity, not constantly repairing their homes or petitioning the Court for the rights and relief they are entitled to under the law. Because of their advanced ages and the advanced ages of witnesses in this case, their claims are urgent and must be tried as soon as possible.  To this date, since litigation began in 2020, fourteen community members have died. As is, the current two-year stay placed by this court has created issues of survivorship, has decreased the evidence

available to Plaintiffs, and their homes continue to deteriorate. Should this court keep the stay in place, significant, irreversible prejudice to the Plaintiffs remains a critical issue, as well as Plaintiffs' access to the court.

## II.  Allowing this Stay Sets a Dangerous Constitutional Precedent

Plaintiffs' Amended Complaint alleges a constitutional taking related to sewage overflows and stormwater flooding. Dkt. 60 at 30. Plaintiffs' property rights have languished before this court for five years—two of those years due to the two-year long stay this court imposed on January 5, 2024.  In fact, prolonging the stay in this case sets a dangerous precedent that, if continued, allows municipal defendants to take property without just compensation and strip community members and homeowners of their right to be heard before a court for an unspecified amount of time. Here, the Defendant City's pursuit of discretionary funding is not constitutionally adequate, nor does the receipt of such funding adequately substitute the due process to which Plaintiffs are entitled.

The continued imposition of this stay is a constitutional issue. This continued stay creates a precedent that could allow any municipality to indefinitely take an individual's property via an unconstitutional taking by simply allowing the Defendant's selected course of action --- seek a stay before, during, and after the entry of a consent decree thereby continuing a de facto denial access to courts, while citizens' property claims languish in perpetuity without any timeline for relief.  Municipal governments across the country **cannot** circumvent constitutionally protected individual property rights by seeking indefinite stays to litigation. A municipality has a duty to provide functional infrastructure to its residents. Defendants are not doing a favor to these Plaintiffs nor its citizens, as it implies in its reply. It is the Defendant's duty to provide functional infrastructure, including sanitary sewers and drainage systems. Insufficient funding, pursuit of

additional funding, or awaiting completion of grant-funded work does not supplant constitutional protections the Plaintiffs are entitled to and grant funding or the lack thereof certainly does not replace the compensatory damages Plaintiffs have requested.

### III. Defendants' Response Mischaracterizes Defendants' Actions and Plaintiffs Claims

Plaintiffs request this Court strike Defendants' Response in Opposition to Plaintiffs Motion to Lift Stay because it is wholly inappropriate and seeks an extension of the stay, while also attempting to circumnavigate that order and litigate during an extended stay. *See* Dkt. 225, p. 5-9. Defendants' response conveniently omits that the Consent Decree by its own text does not address stormwater flooding or financial recovery for damages to Plaintiffs' homes—both pled over in Plaintiffs' Complaint. *See,* Dkt. 60. Instead, Defendants consistently point to vague, indefinite efforts to procure funding and grant resources to deal with the ongoing stormwater flooding while lauding work being done around Plaintiffs' individual properties and asking Plaintiffs to trust their "good faith voluntary actions". Dkt. 225 at 3-7. It is entirely understandable that Plaintiffs would be hesitant to trust the "good faith" of Defendants who for decades have ignored their concerns and dragged them through years of protracted negotiations on a Consent decree that Plaintiffs were consistently told was immediately forthcoming. As Defendants seem to repeatedly forget, the municipality has a duty to upkeep and maintain their sewer **and** stormwater infrastructure. They should not be applauded for doing the job residents pay them taxes (and three combined sewer and water bills) to do.

WHEREFORE, Plaintiffs Bennett and Fuse respectfully request this Court immediately lift the Stay Order and enter an Order setting the matter for trial at the earliest possible date, allow Plaintiffs' Motion to be Heard at this Court's earliest Hearing date, and Strike Defendants' Response in Opposition to Plaintiffs' Motion to Lift Stay.

Dated: February 23, 2026                    Respectfully Submitted,

/s/ Kennedy S. Moehrs Gardner
Kennedy S. Moehrs Gardner
(IL Bar No. 6344603)
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kmgardner@equitylegalservices.org

/s/ Nicole D. Nelson *(with consent)*
Nicole D. Nelson
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
nnelson@equitylegalservices.org

/s/ Kalila J. Jackson *(with consent)*
Kalila J. Jackson, *Pro Hac Vice*
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kjackson@ehoc-stl.org

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

<u>/s/ Kennedy S. Moehrs Gardner</u>