**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

CORNELIUS BENNETT and
EARLIE FUSE,

      Plaintiffs,

v.

      Case No. 3:20-CV-00530-DWD

CITY OF CENTREVILLE, *et al.*,

      Defendants.

**DEFENDANTS' SUR-REPLY IN OPPOSITION**
**TO PLAINTIFFS' REQUEST TO STRIKE**

This Court should deny Plaintiffs Cornelius Bennett's and Earlie Fuse's ("Plaintiffs")
request to strike the Response in Opposition to Motion to Lift Stay filed by Defendants Curtis
McCall, Commonfields of Cahokia Public Water District, Dennis Traiteur, Mark Jackson, and City
of Centerville (collectively, "Defendants") ("Response") (Doc. 225), hidden within Plaintiffs'
Reply in support of their Motion to Lift Stay (the "Reply") (Doc. 226 at 5). A reply is an improper
vehicle for a motion to strike a filing, because it does not comport with the Local Rules or the
Federal Rules of Civil Procedure, and it does not provide an opportunity for response by the other
party. Even if it were a proper request, Plaintiffs fail to point to any fact or authority that would
justify striking the Response from the record. Plaintiffs' request to strike the Response should be
denied.

I.     **Plaintiffs improperly attempt to use their Reply as a vehicle to move to strike the**
       **Response.**

A reply in support of a motion is not a proper vehicle for a new motion requesting that the
court grant new relief. *See Booth v. Marshall Browning Hosp.*, Case No. 12-cv-025-MJR-SCW,
2012 WL 3308778, * 9 (S.D. Il. Aug. 13, 2012) (stating that "a response to a motion is not a

motion"). Instead, such a request to the court must be contained in a separate motion. *Id*. Despite this well-established procedure, Plaintiffs yet again seek new relief within briefing on an unrelated motion.[1] Specifically, Plaintiffs' request to strike the Response was improperly hidden near the end of their Reply (Doc. 225 at 5-6). Because the request to strike the Response was buried within the Reply, Defendants were not even afforded the opportunity to respond, absent leave of the Court.[2]

A reply in support of a motion to lift a stay is not the appropriate pleading for Plaintiffs to request this Court strike *any* document, let alone the Response. (Doc. 225). Any such request must be sought by filing a separate motion, and the request to strike the Response should therefore be denied. *See* SDIL-LR 7.1.

## II.   Plaintiffs fail to identify any support for the request to strike the Response.

Even if this Court entertains Plaintiffs' improperly raised request to strike (Doc. 226 at 5), there is no basis to strike the Response. At best, Plaintiffs disagree with Defendants that the Consent Decree and other efforts by the City of Cahokia Heights (the "City") have mooted or otherwise resolved their claims, but this is not a basis to strike the Response. Indeed, if the Court extends the stay and allows the parties to file cross motions for summary judgment on the issue of mootness, Plaintiffs will have the opportunity to fully brief the issue in their own motion for summary judgment and/or in response to such a motion filed by Defendants. Put simply, extending the stay, for the limited purpose set forth in the Response, would address the very concerns Plaintiffs raise in their request to strike the Response.

---

[1] It is a common theme in this case for Plaintiffs to improperly request relief from the Court in a manner that circumvents the Local Rules and the Federal Rules of Civil Procedure. (*See* Doc. 167 at 6; Doc. 215 at 1 and 11; and Doc. 220 (Plaintiffs request new relief that is not set forth in the Amended Complaint[1]).).

[2] Sur-reply briefs are prohibited by SDIL-LR 7.1(a)(4). This sur-reply is filed with leave of Court. (Doc. 228.)

Rather than meaningfully respond to Defendants' proposal, Plaintiffs mischaracterize statements in the Response about events that have occurred during the pendency of the Stay. The Response includes examples of events that occurred during the Stay that may have resolved some or all of Plaintiffs' claims to allow the Court to evaluate whether there are issues that are ripe for consideration on motions for summary judgment. Plaintiffs do not actually dispute any of these factual statements or otherwise provide a meaningful response to Defendants' proposal to file cross-motions for summary judgment, but instead gripe about the length of time needed to enter the Consent Decree and make unsupported accusations that the Response is somehow Defendants' attempt to seek applause for the work that has been done.[3] Plaintiffs' disdain for certain facts is not a basis to strike the Response.

The only substantive response to the proposal to file cross-motions for summary judgment is the suggestion that Plaintiffs could stipulate that "[a]ny relief contemplated in the Consent decree for Plaintiffs' injunctive relief claims should be incorporated into the relief ordered at trial." (Doc. 226 at 3.) This proposal runs contrary to the cases cited in Defendants' Response, holding that claims resolved by a consent decree are *mooted* (Doc. 225 at 6-7), but more importantly, this would subject Defendants to substantial prejudice. Incorporating relief contemplated in the Consent Decree into an order in this case would result in the type of unnecessary, duplicative orders the Court explicitly sought to avoid in granting the stay and referring the matter to the jurisdiction of the Agencies. (Doc. 163 at 8-10.)

---

[3] Plaintiffs' complaints regarding the Consent Decree are disingenuous. Defendants have reported details to this Court on the diligent efforts by the City, U.S. EPA, and Illinois EPA's (the "Agencies") to reach agreement on and seek entry of the Consent Decree, including extensive community engagement and involvement of Centreville Citizens for Change ("CCC") in the Consent Decree process. (*See, e.g.*, Doc. 165 at 10 and Doc. 176 at 2 (noting the Agencies meetings with, and outreach to, Plaintiffs regarding the terms of the Consent Decree, and also highlighting the City's and Agencies' weekly negotiation session and meetings regarding the Consent Decree).) Plaintiff Cornelius Bennett is a member of CCC and submitted a declaration in support of CCC's intervention in the Consent Decree case. (*See* Case No. 3:24-cv-02591-DWD in the U.S. District Court for the Southern District of Illinois, Doc. 16-1.)

Ultimately, Defendants do not seek to "circumnavigate" or indefinitely extend the Stay entered by this Court (Doc. 163), as Plaintiffs suggest. (Doc. 226 at 5.) Defendants merely recommended the Court continue the Stay while allowing limited briefing to determine whether any of Plaintiffs' claims are mooted or otherwise resolved. (Doc. 225 at 2.) Any such briefing would streamline the issues before the Court and maximize judicial economy, and could be completed on a reasonable schedule established by the Court that would not unduly delay any further litigation. In sum, there is no basis to strike the Response and Plaintiffs' request to do so should be denied.

## III.    Conclusion

For the foregoing reasons, Defendants request this Court deny Plaintiffs' improper request to strike the Response (Doc. 226 at 5).

Respectfully submitted,

*/s/ Erica M. Spitzig*
TAFT STETTINIUS & HOLLISTER LLP
Erica M. Spitzig, *admitted pro hac vice*

TAFT STETTINIUS & HOLLISTER LLP
301 E. 4th Street, Suite 2800
Cincinnati, Ohio 45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
espitzig@taftlaw.com

*/s/ Heather M. Hawkins* (with consent)
TAFT STETTINIUS & HOLLISTER LLP
Heather M. Hawkins, *admitted pro hac vice*

TAFT STETTINIUS & HOLLISTER LLP
301 E. 4th Street, Suite 2800
Cincinnati, Ohio 45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
hhawkins@taftlaw.com

*/s/ Philip L. Comella* (with consent)
TAFT STETTINIUS & HOLLISTER LLP
Philip L. Comella

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527-4000
Facsimile:  (312) 527-4011
pcomella@taftlaw.com

*/s/  Mark C. Scoggins* (with consent)
CROWDER & SCOGGINS, LTD.

CROWDER & SCOGGINS, LTD.
121 West Legion Avenue (physical address)
P.O. Box 167 (mailing address)
Columbia, IL 62236
Telephone:  (618) 281-7111
Facsimile:  (618) 281-7115
mscoggins@crowderscoggins.com

*/s/  Michael L. Wagner* (with consent)
CLAYBORNE & WAGNER

CLAYBORNE & WAGNER
525 W Main St #105
Belleville, IL 62220
Telephone:  (618) 239-0187
Facsimile:  (618) 416-7556
mwagner@cswlawllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicole D. Nelson
Equity Legal Services, Inc.
nnelson@equitylegalservices.org

Kalila J. Jackson
Metropolitan St. Louis Equal Housing &
Opportunity Council
kjackson@ehoc-stl.or

Blake G. Meinders
Sprague & Urban
bmeinders@spragueurban.com

Kennedy Moehrs Gardner
Metropolitan St. Louis Equal Housing &
Opportunity Council
kmgardner@ehoc-stl.org

*/s/ Erica M. Spitzig*