**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS, ILLINOIS**

| | | |
|---|---|---|
| CORNELIUS BENNETT, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Cause No. 3:20-cv-00530-DWD |
| vs. | ) | |
| | ) | |
| CITY OF CENTREVILLE, *et al.*, | ) | |
|     Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, Cornelius Bennett and Earlie Fuse, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(3)(B), hereby move to compel Defendants to answer Plaintiffs' interrogatories and requests for production, and state as follows:

1. For decades, Defendants have ignored frequent and systemic stormwater and raw sewage invasions into Plaintiffs' homes due to subpar stormwater and sewage disposal systems in the City or Township of Centreville, Illinois (now known as Cahokia Heights[1]). Defendants' inaction continues in this litigation.

2. On May 13, 2026, this Court entered an Order partially lifting the stay in place since January 1, 2024. (Doc. 235). The Court acknowledged that the Consent Decree entered on January 20, 2026, (Doc. 48), "requires the City to undertake remedial efforts related to the sewer system, **but it does not address damages of the past sewage deposits nor does it address damages that may be ongoing until completion of those remedial measures**." (Doc. 235, p. 5) (emphasis added).

---

[1] At least to the State of Illinois and this Court (*see* Doc. 235 at p.1). Counsel for Defendants obstinately claim, as set forth more fully herein, that Cahokia Heights – the only remaining municipality after a merger of Alorton, Cahokia, and Centreville in 2021 – is not a party to this suit and has no obligation to respond to discovery requests.

- 1 -

3.     Defendants argued that the stay should only be lifted to provide an opportunity to raise by motion the question of mootness regarding Plaintiffs' claims. (Doc. 235, p. 6).

4.     The Court disagreed, noting "that the boundary between mootness and the merits can sometimes be difficult to discern." (*Id.*). Instead, the Court opened merit fact discovery under Rule 26(a)(1) and 26(b)(1)-(3), including interrogatories, requests for documents, requests for admission of fact, and depositions of parties, **and** fact discovery directed to the issue of mootness. (*Id.*, p. 6-7).

5.     In relevant part, the Court order specifically states: "[b]ased on the above findings, the Court **GRANTS**, **in part**, Plaintiffs' Motion to Lift Stay (Doc. 223) to the extent necessary for the parties to undertake (1) merit fact discovery under Rule 26(a)(1) and 26(b)(1)-(3), which may include interrogatories, requests for documents, requests for admission of fact and deposition of parties; and (2) fact discovery directed to the issue of which, if any, of Plaintiffs' claims are beyond the jurisdiction of this Court due to mootness." (Doc. 235).

6.     Plaintiffs served Defendants with interrogatories and requests to produce on June 12, 2026, copies of which are attached hereto as **Exhibit 1**.

7.     On July 6, 2026, counsel for Defendants sent Plaintiffs a meet and confer letter regarding Plaintiffs' discovery requests, a copy of which is attached hereto as **Exhibit 2**.

8.     In the letter, counsel for Defendants stated it would not respond to the interrogatories and requests to produce served on Defendant City of Centreville because it sought documents from "nonparty the City of Cahokia Heights." (Ex. 2, p. 2).

9.     The City of Centreville is "now known as Cahokia Heights, Illinois." (Doc. 235, p. 2). This Court has previously acknowledged that "Illinois law permits continuing liability for other entities after their dissolution." *Centreville Citizens for Change v. City of Cahokia Heights*, 640 F.

Supp. 3d 831, 838 (S.D. Ill. 2022) (citing 65 ILCS 5/7-7-12). Moreover, the Court may take judicial notice "of the changes made in [a] municipal territory" and "of the dissolution of municipalities." 65 ILCS 5/7-6-8.

10.     Rather than fulfill its obligation under Rule 26(b), the City of Cahokia Heights, which has succeeded to all liabilities of the City of Centreville, *see* 65 ILCS 5/7-7-12(d), wants to play semantics and argue it is a "nonparty" and therefore need not provide information that only it can provide. This is a waste of judicial resources – and this Court's time. Plaintiffs did not want to bring this motion, but had no recourse because Defendants refused to provide adequate responses to Plaintiffs' basic discovery requests.[2]

11.     Counsel for Defendants further argues this Court's May 13, 2026, order partially lifted the stay "for the limited purpose of conducting discovery directed to the issue of mootness." (Ex. 2, p. 2). This directly ignores a key component of the Court's order that the parties are allowed to undertake "merit fact discovery . . . which may include interrogatories [and] requests for documents". (Doc. 235, p. 6). Such discovery is necessary because the case was stayed for over two years, as this Court acknowledged during the hearing on the motion to lift the stay. (Doc. 237, p. 24:22-24) ("I would imagine that, over the past 29 months, 30 months, whatever it's been since the stay was entered, that things have changed, things are altered.").

12.     Counsel for Plaintiffs met and conferred in good faith with counsel for Defendants on these issues via telephone on July 7, 2026. Counsel for Defendants was steadfast in its refusal to engage in merit fact discovery or to answer any interrogatories or requests for documents directed to the City of Cahokia Heights.

---

[2] To the extent the Court disagrees, Plaintiffs seek leave to substitute the City of Cahokia Heights for the City of Centreville.

13. This was reiterated in an email correspondence to Plaintiffs' counsel on July 8, 2026, attached hereto as **Exhibit 3**, in which counsel for Defendants asserted that none of the discovery would be answered because it was not tailored to the issue of mootness, and that they would not respond to any discovery directed to the City of Cahokia Heights.

14. Counsel for the parties are at an impasse, which could not be resolved through a good faith meet and confer process. Pursuant to this Court's Case Management Procedures, the Parties filed a Joint Discovery Report on July 24, 2026 via email, attached hereto as **Exhibit 4**. Defendants included objections to Plaintiffs' requests directed at the City of Centreville as an exhibit to the Joint Report.

15. Defendants' argument that Plaintiffs are not entitled to merit fact discovery completely disregards the Court's order (Doc. 235) granting merit fact discovery on all claims.

16. Defendants' argument that Defendant City of Centreville cannot and will not answer Interrogatories or Requests directed to the City of Cahokia Heights because they are a "nonparty" completely disregards Illinois statutes regulating municipal mergers.[3]

17. Plaintiffs have suffered and continue to suffer irreparable harm to their properties as a result of Defendants' neglect – and have patiently waited more than two years for their day in court. Defendants would like to delay that further, without having to provide relevant, discoverable information related to their claims.

18. As such, Plaintiffs are forced to bring this motion to enforce their rights to full disclosure under Rules 26, 33, and 34.

---

[3] Under the Erie doctrine, federal courts in diversity cases (and any other cases in which state law supplies the rule of decision) apply state "substantive" law but federal "procedural" law. *Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301 (7th Cir. 2010).

**WHEREFORE**, for all of the reasons set forth herein, Plaintiffs respectfully request this Court enter an Order requiring Defendants to fully answer all written discovery served by Plaintiffs within 14 days, including fact merit discovery on Plaintiffs' claims.

Dated: August 12, 2026                    Respectfully Submitted,


/s/ Kennedy S. Moehrs Gardner
Kennedy S. Moehrs Gardner,
IL Bar No. 6344603
EQUITY LEGAL SERVICES, INC.
10220 Lincoln Trail, Suite A,
Fairview Heights, IL 62208
P: 618-693-9800
E:kmgardner@equitylegalservices.org
*Attorney for Plaintiffs*

/s/ Nicole D. Nelson (with Consent)
Nicole D. Nelson, IL Bar No. 6300417
EQUITY LEGAL SERVICES, INC.
10220 Lincoln Trail, Suite A,
Fairview Heights, IL 62208
P: 618-693-9800
E:nnelson@equitylegalservices.org
*Attorney for Plaintiffs*

 /s/ Kalila J. Jackson (with Consent)
Kalila J. Jackson, *pro hac vice*, Mo. Bar No. 61964
EQUITY LEGAL SERVICES, INC.
10220 Lincoln Trail, Suite A,
Fairview Heights, IL 62208
P: 618-693-9800
E: kjackson@ehoc-stl.org
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Kennedy S. Moehrs Gardner

Mark Scoggins
mscoggins@crowderscoggins.com

Micheal Wagner
michael@bellevillelitigation.com

Blake Meinders
bemeinders@spragueurban.com

Erica Spitzig
espitzig@taftlaw.com

Heather Hawkins
hhawkins@taftlaw.com

Philip Comella
pcomella@taftlaw.com

Clayton Smith
CJSmith@taftlaw.com