IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS BENNETT<br>EARLIE FUSE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CENTREVILLE, *et al.*,<br><br>Defendants. | Case No.: 3:20-cv-00530-DWD |

**DEFENDANTS TOWNSHIP OF CENTREVILLE, COMMONFIELDS OF CAHOKIA PUBLIC WATER DISTRICT, CURTIS MCCALL, SR., DENNIS TRAITEUR, MARIUS "MARK" JACKSON, AND LAMAR GENTRY'S JOINDER AND ADOPTION OF CITY OF CENTREVILLE'S PARTIAL MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SEWER RELATED AND STORMWATER RELATED TORT CLAIMS FOR INJUNCTIVE RELIEF**

Defendants Township of Centreville, Commonfields of Cahokia Public Water District, Curtis McCall, Sr., Dennis Traiteur, Marius "Mark" Jackson, and Lamar Gentry (hereafter "Co-Defendants"), by and through undersigned counsel and pursuant to FRCP 56 and Local Rule 56.1, respectfully move this Court to enter partial Summary Judgment in Co-Defendants favor and against Plaintiffs on Plaintiffs' Sewer Related and Stormwater Related Tort Claims for Injunctive Relief. In support Co-Defendants state as follows:

## Introduction and Relief Requested

All Co-Defendants respectfully move for summary judgment on Plaintiffs' sanitary sewer related and stormwater related tort claims for injunctive relief. By this motion, all Co-Defendants expressly join in, adopt, and incorporate by reference the arguments, authorities, and evidentiary submissions set forth in Defendant City of Centreville's Motion for Summary Judgment, Statement of Material Facts, and Memorandum in Support of Its Partial Motion for Summary Judgment on Plaintiffs' Sewer Related and Stormwater Related Tort Claims for Injunctive Relief ("Supporting

Memorandum”). The Supporting Memorandum establishes that these injunctive claims are moot because of the Consent Decree entered in related enforcement proceedings and voluntary remedial actions undertaken by Cahokia Heights as successor in interest to the City of Centreville and summary judgment is appropriate as a matter of law. The First Amended Complaint contains a single “Wherefore” clause and presumably seeks identical relief against all Defendants on all counts. The mootness arguments presented by City of Centreville apply equally to Plaintiffs’ claims and their requested relief against all Co-Defendants. Accordingly, for the reasons set forth in City of Centreville’s Motion for Summary Judgment and Memorandum in Support, all Co-Defendants request entry of judgment as a matter of law in their favor on these injunctive claims and for such further customary relief as the Court deems appropriate.

**Statement of Material Facts (Incorporation and Adoption)**

Co-Defendants hereby join in and adopt, as if fully set forth herein, the Statement of Material Facts filed by City of Centreville.

**Argument (Incorporation and Adoption)**

All Co-defendants join in and adopt, as if fully set forth herein, the Supporting Memorandum’s legal standards and arguments demonstrating that Plaintiffs’ sanitary sewer related tort claims for injunctive relief are moot due to the entry and ongoing implementation of the Consent Decree, and that Plaintiffs’ stormwater related tort claims for injunctive relief are independently moot based on voluntary remedial actions undertaken by Cahokia Heights as successor in interest to the City of Centreville and the presumption against recurrence applicable to government defendants. The Supporting Memorandum’s mootness arguments apply equally to all Co-Defendants and encompass any mootness contentions presented therein. To avoid duplicative briefing, all Co-Defendants expressly incorporate by reference each section, citation, and evidentiary citation of the Supporting Memorandum, including any arguments addressing the

Court's prior recognition of primary jurisdiction and the practical effect of the Consent Decree on overlapping injunctive relief, as and for Co-Defendants' Motion for Summary Judgment, Statement of Material Facts, and Memorandum in Support.

**Conclusion**

For the foregoing reasons and those set forth more fully in the Supporting Memorandum, all Co-Defendants respectfully request that the Court grant summary judgment in their favor on Plaintiffs' sanitary sewer related and stormwater related tort claims for injunctive relief, dismiss those claims as moot, and enter an order that Co-Defendants' Motion for Summary Judgment by Joinder and Adoption is GRANTED and Plaintiffs' sanitary sewer related tort claims for injunctive relief and Plaintiffs' stormwater related tort claims for injunctive relief are hereby DISMISSED AS MOOT as to Co-Defendants.

CROWDER & SCOGGINS, LTD.

/s/ Patrick E. Poston
Mark C. Scoggins #2530384
Patrick E. Poston #6306753
Attorneys for Defendants Commonfields of Cahokia, Marius Jackson, Dennis Traiteur, Curtis McCall, Sr., and City of Centreville

CROWDER & SCOGGINS, LTD.
Attorneys at Law
121 West Legion Avenue
P.O. Box 167
Columbia, Illinois 62236
Telephone: 618/281-7111
Facsimile: 618/281-7115
mscoggins@crowderscoggins.com
pposton@crowderscoggins.com

/s/ Michael L. Wagner (with consent)
WAGNER LICKFIELD
Attorney for Defendants Township of Centreville and LaMar Gentry

WAGNER LICKFIELD
110 W. Main St.
Belleville, IL 62220
Telephone: 618-239-0187
Facsimile: 618-416-7556
mwagner@bellevillelitigation.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including the following:

Nicole D. Nelson
Equity Legal Services, Inc.
nnelson@equitylegalservices.org

Martina Tiku
NAACP
mtiku@naacpnet.org

Joseph Schottenfeld
NAACP
jschottenfeld@naacpnet.org

Kalila J. Jackson
Metropolitan St. Louis Equal Housing & Opportunity Council kjackson@ehoc-stl.or

Kennedy Moehrs Gardner
Metropolitan St. Louis Equal Housing & Opportunity Council kmgardner@ehoc-stl.org

Blake G. Meinders
Sprague & Urban
bmeinders@spragueurban.com

Erica Spitzig and Heather Hawkins
Taft
espitzig@taftlaw.com
hhawkins@taftlaw.com

/s/ Patrick E. Poston