**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CORNELIUS BENNETT and EARLIE FUSE, | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-00530 |
| v. | ) | Judge David W. Dugan |
| CITY OF CENTREVILLE, et al., | ) | |
| Defendants. | ) | |

**MOTION FOR EXTENSION AND REQUEST TO DEFER DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 56(D)**

COME NOW COUNSEL FOR Plaintiffs Earlie Fuse and Cornelius Bennett and for their Motion for Extension and Request to Defer Defendants' Partial Motion[1] for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), state as follows:

**BACKGROUND**

1. On May 13, 2026, this court partially granted Plaintiffs' Motion to Lift Stay and granted Defendants leave to file motions directed to the issue of which claims, if any, are beyond the jurisdiction of this Court because of mootness on or before July 15, 2026. Doc. 235.

2. This Court's May 13, 2026, Order sought to allow the Parties to undertake merit fact discovery and fact discovery related to mootness. Doc. 235.

3. In response to this Court's order, Plaintiffs promptly served discovery upon all defendants on June 12, 2026, copies of which are attached hereto. ***See*** **Exhibit 1.**

4. On July 6, 2026, 6 days before discovery was due and 9 days before Defendants' motion was due to be filed, Defendants sent a letter responding that the discovery was

[1]Notably, Defendants McCall Sr., Traiteur, Jackson, Gentry, Commonfields of Cahokia and Township of Centreville did not file a formal Motion for Summary Judgment. Instead, they filed a motion in joinder to adopt City of Centreville's Partial Motion for Summary Judgment. Doc. 261. Plaintiffs challenge the validity of the latter group of Defendants' Joinder Motion and will address this further within Plaintiffs' response to the City's Partial Motion for Summary Judgment.

improperly directed at a nonparty (City of Cahokia Heights) and outside the scope of the Court's May 13, 2026, order that Defendants believed did not allow merits fact discovery. ***See* Exhibit 2.**

5. On July 11, 2026, Defendants filed a Motion for Extension with this Court requesting the Court extend Defendants' July 15, 2026, filing deadline. Doc. 236.

6. Over Plaintiffs' objection, on July 20, 2026, this court partially granted defendants' motion and gave Defendants an additional sixty (60) days, until September 15, 2026, to file their dispositive motions on the issue of mootness. Doc. 239.

7. On August 7, 2026, defendants filed a motion to be released from the obligation to provide ninety-day status reports previously required by this Court. Doc. 245.

8. Over Plaintiffs' objections, on August 24, 2026, the Court granted Defendants' motion, allowing them to be released from filing status reports. Doc. 254.

9. The status report dated August 3, 2026, is the last and only type of substantive information Plaintiffs have received from defendants in this case.

10. As of October 5, 2026, Defendants have not supplemented discovery pursuant to Fed. Civ. R. 26(e).

11. As of October 5, 2026, Defendants still have not answered discovery requests that do not relate to the City of Cahokia Heights, including requests related to infrastructure and liabilities Defendant City of Centreville transferred during the May 2021 merger.

12. As of October 5, 2026, individual defendants object to discovery requests, claiming they are unable to answer because they now occupy different positions (although those positions are within the same merged municipality) than when this case was filed. ***See* Exhibit 3.**

13. From May 13, 2026, through October 2, 2026, Plaintiffs have taken the following actions to diligently move this case forward:

    a. issued discovery to defendants on June 12, 2026. *See* Exhibit 1.

    b. submitted Plaintiffs' discovery responses (both new and supplemental) to defendants on July 13th, July 17th, and August 14th.[2]

---

[2] Defendants received Plaintiff Bennett and Fuse's responses to Defendants' Third Set of Interrogatories including Supplemental Responses and Supplemental Documents on July 13th, 2026, within the 30 days provided by the federal rules. As a professional courtesy, Plaintiffs' counsel alerted Defendants' counsel at that same time that RFP responses and documents, both new and supplemental, would be incoming on July 17th, 2026. Plaintiffs submitted RFP responses to Defendants' counsel on July 17th as indicated in previous correspondence.

c. participated in two meet and confers on July 7, 2026, and September 4, 2026;

d. submitted a joint report to this Court on July 24, 2026, alerting the court that Defendants refused to provide discovery ***See*** **Exhibit 4.**

e. filed a motion to compel in this court on August 12, 2026[3], requesting this Court order Defendants to produce discovery. Doc. 246.

f. submitted Freedom of Information Act requests to the City of Cahokia Heights and the Illinois Environmental Protection Agency most recently on September 24th and also on August 19th and 20th.[4] ***See*** **Exhibit 12**.

g. reached out to Defendants to request answers to discovery and/or FOIA requests on August 24, 2026, August 28, 2026, September 10, 2026, September 24 and October 1, 2026. ***See*** **Group Exhibit 11**;

h. offered Defendants an extension on their discovery on September 4, 2026, when their discovery responses were already 53 days past due at the time.[5] ***See*** **Exhibits 3 and 5.**

i. offered to and sent updated discovery requests with a narrowed definition of "you" to only mean City of Centreville as of September 24, 2026, in an effort to move discovery forward; ***See*** **Exhibit 6.** ***See also*** **Group Exhibit 11.**

j. emailed defendants again and asked about the estimated costs for providing the requested FOIA records and inquired about a timeline for delivery. ***See*** **Group Exhibit 11,** which includes Plaintiffs' Counsels October 1, 2026, email.

14. Plaintiffs' response to Defendants' Motion for Partial Summary Judgement is due on October 15, 2026. With extremely limited answers received and no documents in hand to respond to said motion, Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 56(d).

---

[3]This court denied Plaintiffs' motion requesting that this court order Defendants to produce discovery on August 15th, 2026. **Dkt. 249.**

[4]Pursuant to the court's directive to address matters concerning discovery "as effectively and efficiently as possible" (Dkt. 249) Plaintiffs submitted FOIA requests to the City of Cahokia Heights. Despite Plaintiffs' repeated attempts to obtain documents, Defendants continued to refuse to provide responsive documents, responded claiming Plaintiffs' FOIA requests were "gamesmanship", said Plaintiffs would be charged for the "voluminous records" requests and indicated initially Plaintiffs would receive answers to their FOIA requests by September 24, 2026. To date, Plaintiffs have not received any documents in response to their FOIA requests to the City of Cahokia Heights.

[5]On August 15, 2026, this court denied Plaintiffs' Motion to Compel discovery from Defendants but clarified once more that all parties were entitled to merit fact and mootness discovery. After nine days passed and no discovery was received, Defendants indicated their position remained the same. This resulted in the September 4, 2026 meet and confer. Defendants declined again on the call, saying their responses would be submitted on 9/11/2026; no agreements between parties or requests were made to the court from defendants. Some individual defendants submitted some answers (not Defendant City of Centreville) and none of the defendants submitted any documents.

## ARGUMENT

Defendants' refusal to comply with this Court's May 13, 2026, order and refusal to comply with their ongoing duty to supplement discovery leaves Plaintiffs with very little, if any, information to address Defendants' Partial Motion for Summary Judgment and requires Plaintiffs seek recourse pursuant to Federal Rule of Civil Procedure 56(d). Specifically, Plaintiffs request this court to defer Defendants' partial motion for summary judgment until pending discovery is completed. Currently, Plaintiffs have exhausted all avenues for recourse in seeking equitable and required access to discovery.[6] Proceeding without allowing Plaintiffs' opportunity to conduct discovery creates great prejudice against Plaintiff[7].

### I. Plaintiffs are without complete discovery necessary to respond to Defendants' Partial Motion for Summary Judgment.

Plaintiffs have complied with this Court's orders and the Federal Rules of Civil Procedure. However, at the time of this filing, Plaintiffs have received very limited answers from only a few defendants and no responsive documents from any defendants since this court's May 13, 2026, order. On the other hand, Defendants have had access to Plaintiffs' discovery since July 13, 2026, July 17, 2026[8], and August 14, 2026,[9] and have been given **a total of 126 days to**

---

[6]Alongside Plaintiffs 56(d) motion, Plaintiffs also ask this Court in another Motion to direct Defendant City of Centreville to respond to discovery directed to Cahokia Heights and provide Plaintiffs with any supplemental discovery the Defendants have in their possession. As this Court will see in Plaintiffs' Motion for Determination of Cahokia Heights' Successor Obligations Regarding Ongoing Discovery and, In the Alternative, For Substitution or Joinder Pursuant to Fed. R. Civ. P. 25(c), Defendants' refusal to provide complete discovery responses are without merit and have kept Plaintiffs from needed documents for months.

[7]*See Charles E. Hill & Associates Inc. v. Compuserve Inc*., IP 97-0434-C-M/S (S.D. Ind. 6/20/2003) (S.D. Ind. 2003) (citing Corley v. Rosewood Care Ctr., Inc. Of Peoria, 142 F3d 1041, 1052, 1053 (7th Cir. 1998) ("[R]ulings on 56(f) motions are reviewed for an abuse of discretion. For reversal, there must be a clear showing that the denial of discovery resulted in actual and substantial prejudice to the complaining litigant").

[8]Plaintiffs emailed Defendants on July 13th, 2026, to give notice that answers to interrogatories for all individual plaintiffs would be submitted on July 17, 2026. Defendants responded on July 15, 2026, and said Plaintiffs could not do so without an extension, and Defendants reserved the right to seek recourse. Defendants threatened, knowing they had not submitted any discovery, had refused to do so, and had no intention of submitting discovery at that time.

[9]Pursuant to Fed. Civ. R. 26(e), Plaintiffs complied with their ongoing duty to supplement and submitted appraisal reports of individual plaintiffs' homes that Plaintiffs' counsel received the week of August 14, 2026.

**write and file their Motions for Summary Judgment.** Because Plaintiffs have still received no discovery documents from any of the defendants and extremely limited interrogatory responses from only some defendants, Plaintiffs are without complete information to respond to Defendants' Partial Motion for Summary Judgment.

It is now October 5, 2026. While Defendants were given over 100 days to file their Motions, Plaintiffs were initially given only 15 days to respond to defendants' motions, then given 30 days to respond after Plaintiffs sought clarification from the Court per the local rules. Doc. 253. Plaintiffs' **response is due in 10 days**; defendants still have not provided complete discovery. Yet, Defendants' positions have varied over the last five months regarding *why* Plaintiffs do not yet have discovery. These claims range from Defendants alleging an inability to respond because Defendants' roles have changed, that Plaintiffs are incorrectly seeking information from a non-party (Cahokia Heights), and merely referring Plaintiffs back to court documents. ***See*** **Exhibit 3**. This, while some defendants have acknowledged in their responses the obligation to provide Plaintiffs with some documents in the future. ***See*** **Exhibit 7.**

Defendants McCall Sr., Traiteur, Jackson, and Gentry all claim that because they are no longer in the positions that they served in when the complaint was filed, they are unable to respond to discovery requests inquiring about information during the two-year stay period. This makes no sense. Parties change positions, companies, and jobs every day --- including organizations that restructure or become defunct. Changing jobs does not absolve a defendant from pending litigation. If that were the case, every civil defendant in this country would simply find a different job any time they were sued and disclaim any obligation to respond to discovery, appear in court, or abide by a court's orders. Plaintiffs should not be punished and locked out of discovery for more than two years during a two-year stay sought by defendants and imposed

over Plaintiffs objections only to be told Plaintiffs cannot have discovery because a defendant has a different job (within the city Defendant City of Centreville merged with). Similarly, defendants point to no case law that allows Plaintiffs to be locked out of discovery because this case has been on hold for two years through no fault of their own.

Defendants cannot have it both ways --- acting on behalf of and as City of Cahokia Heights when it benefits them, but refusing to provide records within their control, access, and custody as a merged borough of this City when it means participating in discovery they do not want to disclose. Instead, defendants are picking and choosing which interrogatories they will answer (very few) and what documents they will provide (none) to run out the clock, so Plaintiffs have no documents to use to respond to Defendants' partial motions for summary judgment.

For example, in May 2023, Defendants provided supplemental responses well after the May 2021 merger under the presumption that the City of Cahokia Heights had control, access, and custody of documents held by the prior City of Centreville. All Defendants, including Defendant City of Centreville, sent a supplemental production in May 2023, two years after the merger took place. ***See* Group Exhibit 9.** On July 21, 2023, Defendant City of Centreville referred to itself in this case as the City of Cahokia Heights. ***See* Doc. 127-1.** Defendants also submitted status reports to this court on behalf of the City of Cahokia Heights, demonstrating Defendants believe they have a responsibility to respond as Centreville's successor entity. *See* Docs. 175, 176, 185, 193, 217, 218, 224, 233, and 243. At no time did Defendant City of Centreville raise an objection with this Court or the Plaintiffs that Defendant City of Centreville should be excused from providing status reports because City of Cahokia Heights was not a party or did not have access to records to submit said reports in this case. Additionally, while (sometimes) taking the stance they cannot produce documents, defendants do acknowledge an

obligation to respond to discovery, despite claiming the opposite. To that end, on September 11, 2026, Defendants Marius Jackson and Township of Centreville represented in writing that some documents would be produced --- Plaintiffs have not received those documents as of this filing. ***See* Exhibit** 7.

a. **Defendants' justifications for their continued failure to fully and completely respond to Plaintiffs' discovery requests are without merit and do not support withholding discovery.**

There is no Illinois statute that requires Plaintiffs to add or substitute the City of Cahokia Heights to allow Plaintiffs to direct discovery to Centreville's successor in a case that was filed in 2020 --- prior to the merger. In fact, 65 ILCS 5/7-2-5 provides: **"All suits pending in any court on behalf of or against any municipality, when it becomes a borough of a united city, may be prosecuted or defended in the name of the municipality."** Under 65 ILCS 5/7-2-5, City of Centreville is now a borough of the City of Cahokia Heights and should have access to all the files that the city is in possession of. *See*, 65 ILCS 5/7-2-5 ("Each municipality that becomes a united City upon compliance with section 7-2-1 shall thereafter be known as the Borough of . . . (original name of municipality)"). The order issued in St. Clair County Circuit Court Case No. 20-MR-169, approving the ballot question to create the City of Cahokia Heights when first merging Defendants as a borough, shows that the City was created and merged pursuant to the exact statutory framework referenced in 65 ILCS 5/7-2-5, and thus Centreville is a borough of Cahokia Heights. *See* **Exhibit 8, ¶ 4**. While the Court stated that Plaintiffs were *allowed* to file a motion substitute or add in the City of Cahokia Heights as a party to this case, the language of the Court's order did not require Plaintiffs to file the motion. Doc. 256.

As this Court is aware, the Seventh Circuit follows the "Legal Right Standard" with regard to what constitutes control of party documents. The Sedona Conference, *The Sedona*

*Conference Commentary on Rule 34 and Rule 45 "Possession, Custody, or Control*," 17 Sedona Conf. J. 477, 529 (2015). In the Seventh Circuit, a party has possession, custody, or control of documents if they "1) have actual possession of the documents and ESI; or 2) have the legal right to obtain documents and ESI". Vol. 61 No. 6 George Bellas & Michael Rizo, *The Question of Possession, Custody, or Control in Production*, Trial Briefs (2017) (citing 17 Sedona Conf. J. at 483). Centreville, being merged into Cahokia Heights, must have access directly to the documents of their successor in interest, or have the legal right to obtain them, especially since Centreville is considered a borough of united Cahokia Heights under Illinois law.

Aside from defendants' refusal to access records within their control, most of the seven defendants have also failed to provide any supplemental discovery since 2023. Plaintiffs have been without updated records for three years. While defendants' ninety-day status reports are no replacement for discovery, Plaintiffs at least had some minimal insight into updated data. With status reports no longer required, no supplemental discovery and defendants' refusals to provide any answers they believe are in any way related to the city they merged with and/or now are employed by, Plaintiffs are in the position of being forced to respond to a dispositive motion without anything. Defendants' responses and behavior are clear attempts to circumvent Defendants' obligations to respond to discovery and to supplement discovery under the Federal Rules.

**II. Plaintiffs seek recourse under Fed. R. Civ. P. 56(d) because Plaintiffs are without complete discovery that would allow them to adequately respond to Defendants' Partial Motion for Summary Judgement.**

What Plaintiffs are requesting of this court is no different than what defendants asked of this court on July 11, 2026— an opportunity to complete discovery on the issue of mootness. Doc. 236. And this court granted defendants' motion. Doc. 239. Now, five months later, with no

responsive documents in hand, Plaintiffs request the same. As defendants pointed out in their motion, the focus of the Court's May 13, 2026, order was to give the parties an opportunity to develop the evidentiary record on mootness. Plaintiffs request the same of this court to avoid prejudice against the plaintiffs. Federal and Local rules do not contemplate a one-sided discovery process. *See infra, Smith v. OSF Healthcare System,* 933 F.3d 859 (7th Cir. 2019). Despite this, Plaintiffs have sought alternatives such as issuing FOIAs to obtain documents needed for their response to Defendants' motions, now drafting subpoenas to issue, and gleaning what they could from Defendants' ninety-day status reports until this Court discontinued that obligation as of August 24, 2026. Plaintiffs have done everything this court has asked them to and more to resolve defendants' discovery dispute.

As such, Plaintiffs request relief pursuant to Fed. R. Civ. P. 56(d). The Federal Rules provide many avenues for parties to request an extension of time. Plaintiffs meet the requirements of each of the avenues proscribed by Federal Rules 6(b), 16(b)(4), and Rule 56(d), as Plaintiffs can show "good cause" for granting an extension due to Defendants' failures to respond to discovery completely and within the timeline required by the federal rules. Specifically, 56(d) directly addresses responses to summary judgment motions. Fed. R. Civ. P. 56(d). Pursuant to Fed. R. Civ. P. 56(d), ***if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:***

***(1) defer considering the motion or deny it;***

***(2) allow time to obtain affidavits or declarations or to take discovery; or***

***(3) issue any other appropriate order.***

"When a party thinks it needs additional discovery in order to oppose a motion for summary judgment in the manner Rule 56(e) requires, Rule 56(f)[10] of the Federal Rules of Civil Procedure provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary". *Deere & Co. v Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)(citation omitted). *See also, Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) (citing *Vatchet v. Central Newspapers, Inc*., 816 F.2d 313, 317 (7th Cir. 1987)) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f)"). In this case, Plaintiffs are not simply asking for additional discovery, Plaintiffs are asking for discovery never received.

Plaintiffs' circumstances and requests are equally supported by the Seventh Circuit. In 2019, the Seventh Circuit found persuasive the D.C. Circuit's reasoning that "***summary judgment is considered premature unless all parties have a had full opportunity to conduct discovery*"** and unless the non-moving party has not been diligent in pursuing discovery, motions pursuant to 56(d) should be granted "***almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence***." *Smith v. OSF Healthcare System,* 933 F.3d 859, 865-66 (7th Cir. 2019) (citing *Covertino v. United States Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (internal citations omitted)). The court continued by citing multiple circumstances as examples when granting summary judgment is disfavored including when discovery is incomplete and pending discovery requests are not yet answered. *Smith,* 933 F.3d at 865-66 (citing *Covertino v. United States Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (internal citations omitted)).

---

[10]Per the Comments to the Federal Rules, Federal Rule of Civil Procedure 56 was amended in 2010 and Rule 56(f) became, without substantial changes, Rule 56(d), so current references will be to Rule 56(d).

The Seventh Circuit in *Smith* articulated that, specifically, Rule 56(d) requires "an affidavit or declaration giving specific reasons why the party cannot present facts essential to opposing a motion for summary judgement". *Smith*, at 866 (citing *Davis v. G.N. Mortgage Corp*. 369 F.3d 869, 885 (7th Cir. 2005) (internal citations omitted)). This requires "more than a fond hope that more fishing might net some good evidence". *Id.* at 864. The Court went on to state that cases showing "sound reasons for denying a properly supported Rule 56(d) motion most often are either (1) the moving party's failure to pursue discovery diligently before the summary judgment motion, or (2) the apparent futility of the requested discovery". *Id*. at 866.

Neither of those reasons are present here. Because as stated above, Plaintiffs are simply seeking discovery never received --- that is no fishing net. Rather, it is a request that defendants be made to honor the discovery process as outlined in the Federal Rules of Civil Procedure. Plaintiffs have been diligent in pursuing, negotiating around, and following up on discovery requests. Plaintiffs have fully supported this motion with an appropriate affidavit outlining specific reasons why additional discovery is necessary and addressing why deferring summary judgement and allowing time for the discovery to be completed will assure Plaintiffs are able to respond to Defendants' motion. These necessary documents and responses include Plaintiffs' pending discovery requests related to stormwater projects and funding, inspection reports of stormwater infrastructure in North Centreville, and documentation of City of Centreville liabilities, revenue streams, real property, and all infrastructure assets taken on by the City of Cahokia Heights including sanitary and drainage assets absorbed during the 2021 merger.

Plaintiffs would also appreciate additional time to take depositions of City employees who have direct knowledge of the "voluntary" actions the City claims to be taking day to day on the stormwater and sewer infrastructure. Plaintiffs would like the opportunity to depose

contractors doing the work the City alleges has mooted Plaintiffs' injunctive relief claims. Because Defendants have been so unwilling to provide complete discovery, Plaintiffs have been without any documents or information that would have allowed Plaintiffs to send out deposition requests. Typical practice is to use discovery responses and documents to prepare for depositions. Plaintiffs could not even enter the phase of sending deposition notices to Defendants because discovery remains incomplete. Without complete discovery and the opportunity to gain access to this information, Plaintiffs are without the complete facts needed to adequately and fully respond to Defendants' Partial Motion for Summary Judgment.

WHEREFORE, Plaintiffs request this court defer Defendants' Partial Motions for Summary Judgment until Plaintiffs receive all pending discovery documents and complete responses from Defendants. The factual record remains underdeveloped, and Plaintiffs are without the discovery necessary to support motion practice at this time. Further, Plaintiffs respectfully request this Court direct Defendants to respond completely to Plaintiffs' discovery requests and provide requested documents expeditiously.

Dated: October 5, 2026

Respectfully Submitted,

/s/ Nicole D. Nelson
Nicole D. Nelson
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
nnelson@equitylegalservices.org

/s/ Kalila J. Jackson *(with consent)*
Kalila J. Jackson, *Pro Hac Vice*
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kjackson@ehoc-stl.org

/s/ Kennedy S. Moehrs Gardner (*with consent*)

Kennedy S. Moehrs Gardner
(IL Bar No. 6344603)
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kmgardner@equitylegalservices.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Defendants' Counsel of Record:

Mark Scoggins
mscoggins@crowderscoggins.com

Micheal Wagner
michael@bellevillelitigation.com

Patrick Poston
pposton@crowderscoggins.com

Blake Meinders
bemeinders@spragueurban.com

Erica Spitzig
espitzig@taftlaw.com

Heather Hawkins
hhawkins@taftlaw.com

Philip Comella
pcomella@taftlaw.com