**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CORNELIUS BENNETT, et al., | ) | Case No. 3:20-cv-00530-DWD |
| | ) | |
| *Plaintiffs,* | ) | Judge David W. Dugan |
| V. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CITY OF CENTREVILLE, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' CORNELIUS BENNETT & EARLIE FUSE'S MOTION FOR DETERMINATION OF CAHOKIA HEIGHTS' SUCCESSOR OBLIGATIONS REGARDING ONGOING DISCOVERY AND, IN THE ALTERNATIVE, FOR SUBSTITUTION OR JOINDER PURSUANT TO FED. R. CIV. P. 25(c)**

COME NOW, Plaintiffs Cornelius Bennett and Earlie Fuse and move this Court for an order determining that Defendant City of Centreville's ("Centreville") ongoing discovery obligations survived Centreville's merger into the newly created united city of the City of Cahokia Heights ("Cahokia Heights") and now, by operation of 65 ILCS 5/7-2-12, Cahokia Heights is responsible for responding to participate in the discovery process, including appropriately responding to written discovery propounded to Centreville, which exists as a borough within the united city of Cahokia Heights. In support of their motion, Plaintiffs therefore request this Court issue a determination that Centreville's discovery obligations remain in force and must be carried out through Cahokia Heights. Alternatively, if the Court concludes that formal substitution or joinder is necessary, Plaintiffs request this Court join or add the City of Cahokia Heights as a Defendant in this case. In support of their motion Plaintiffs state as follows:

## RELEVANT BACKGROUND

1. On June 5, 2020, Plaintiffs filed the instant action against Centreville prior to the formation of Cahokia Heights.

2. On November 3, 2020, voters approved the proposed City of Cahokia Heights, which consolidated the City of Alcentra (itself a prior merger between Centreville and Village of Alorton that voters approved on March 17, 2020) and the Village of Cahokia into a unified city under 65 ILCS 5/7-2-1, *et seq.*

3. On May 6, 2021, Cahokia Heights officials took office and the united city began operating under its new municipal government. Centreville thereafter operated as the Borough of Centreville within Cahokia Heights.

4. On January 5, 2024, this Court entered a stay in this case as well as a companion case while Cahokia Heights, the Illinois Environmental Protection Agency ("IEPA"), and the Department of Justice ("DOJ") negotiated a consent decree. Doc. 163.

5. On January 20, 2026, in a separate case, the Court entered a final Consent Decree against Cahokia Heights. *United States, et al v. City of Cahokia Heights*, 3:21-cv-02591-DWD, Doc. 48.

6. On February 2, 2026, Plaintiffs moved to lift the stay the in the instant action. Doc. 223.

7. Discovery remains ongoing. Centreville has taken the position that it cannot provide discovery responses because it no longer exists as an independent municipality.

8. Cahokia Heights has declined to provide those responses on the ground that it is not a party. *See* **Exhibit 1**, attached here and incorporated as though fully set forth herein.

9. Plaintiffs previously sought the Court's assistance concerning the resulting discovery impasse. The parties thereafter attempted to resolve the issue without further Court intervention, but neither Centreville nor Cahokia Heights has accepted responsibility for providing Centreville's discovery responses.

10. Plaintiffs therefore seek resolution of the threshold legal issue preventing discovery from proceeding.

## ARGUMENT

Illinois law and the Federal Rules of Civil Procedure do not allow Centreville's merger into Cahokia Heights to create a gap in responsibility for this litigation. Cahokia Heights now controls the records, personnel, property, and municipal functions necessary to respond to discovery directed to Centreville. Therefore, while Centreville remains the named Defendant for purposes of this preexisting action, functionally, Cahokia Heights is now the functioning municipal government through which Centreville's records, personnel, property, and governmental affairs are administered. Rule 25(c) did not require Plaintiffs to substitute Cahokia Heights merely because Centreville's interests were transferred. Accordingly, Cahokia Heights, as Centreville's successor in interest and the entity now in control of the information necessary to respond, is responsible for carrying out Centreville's discovery obligations. As such, this Court should determine that Cahokia Heights must fully participate in this litigation on Centreville's by providing all necessary discovery to Plaintiffs.

Alternatively, if the court believes that substitution or joinder is necessary to compare Cahokia Heights' participation, then the court should enter an order.

**A. Illinois law preserved this action against Centreville after the municipal union, and Centreville's litigation obligations remain in force.**

Put simply, Centreville (and by extension Cahokia Heights) are required to fully participate in this litigation by operation of Illinois law. Illinois law expressly addresses litigation that is pending when municipalities unite. In relevant part, Section 7-2-12 of the Illinois Municipal Code states:

> "All suits pending in any court on behalf of or against any municipality, when it becomes a borough of a united city, may be prosecuted or defended in the name of the municipality." 65 ILCS 5/7-2-12

Thus, Illinois law makes it abundantly clear that pending litigation should not be – or rather cannot be – affected adversely by a municipal merger.

Here, this action was pending against Centreville when Centreville elected to become a borough of Cahokia Heights. City officials knew or certainly should have known the responsibilities that come with operating a merged or united city. Plaintiffs had the right by statute to continue litigating the case in Centreville's name pursuant to Section 7-2-12. As such, the procedural obligations necessary to litigate that case necessarily continue with it. Discovery is one of those obligations. Centreville therefore cannot rely on the municipal union as a basis for declining to participate in discovery. Illinois law expressly contemplated that a municipality could become a borough while litigation against it remained pending and expressly preserved that litigation.

**B. Cahokia Heights is now the governmental entity through which Centreville's ongoing discovery obligations must be carried out.**

It is undisputed that Centreville became a borough of Cahokia Heights. 65 ILCS 5/7-2-5. The statutory scheme likewise provides for the transfer of governmental administration to the united city. The Illinois Municipal Code also transfers municipal property and administration into the governmental structure of the united city. See 65 ILCS 5/7-2-9. At the same time, Section 7-2-12 preserved the pending litigation against Centreville.

All documents and records relevant in this matter were transferred to Cahokia Heights when the cities united. As such, where the records, information, personnel, or governmental authority necessary to respond to Centreville's discovery obligations are now possessed or

administered by Cahokia Heights, Cahokia Heights must use those resources to satisfy Centreville's continuing obligations in this action.

Despite Cahokia Heights' objection, they well understand this dichotomy. While Centreville refuses to respond because it no longer operates independently and Cahokia Heights refuses to respond because it is not named in the caption, Cahokia Heights is simultaneously petitioning this Court to dismiss the injunctive relief requested in this case on Centreville's behalf based on a consent decree negotiated by Cahokia Heights and alleged stormwater system repairs completed by Cahokia Heights. Cahokia Heights cannot both claim to be a non-party unencumbered by the litigation while also petitioning the Court as Cahokia Heights on behalf of Centreville themselves when it suits them. *See*, *e.g*., **Doc. 259**; **Exhibit 1**. Cahokia Heights cannot continue to have it both ways.

**C. Under Rule 25(c), Plaintiffs were not required to formally substitute Cahokia Heights for Centreville.**

Under Rule 25(c), Cahokia Heights need not have been formally substituted to be bound as Centreville's successor in interest. Federal Rule of Civil Procedure 25(c) provides that, when an interest is transferred during litigation, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." The Seventh Circuit has recognized that Rule 25(c) does not require any action merely because an interest has been transferred. The action may continue against the original party, while substitution or joinder remains within the trial court's discretion. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)(reasoning "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the

judgment will be binding on his successor in interest even though he is not named." Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir. 1985)

Plaintiffs therefore were not required to substitute Cahokia Heights simply because the municipal union occurred. The absence of a substitution order does not suspend Centreville's discovery obligations, nor does it permit the governmental reorganization to make those obligations unenforceable. Contrary to Rule 25(c) read in conjunction with Section 7-2-12 expressly allows the action to continue against Centreville and recognizes that the successor remains bound even though it is not named.

**D. Alternatively, if the Court disagrees, the Court should substitute or join Cahokia Heights in the lawsuit under Rule 25(c).**

Plaintiffs maintain that substitution or joinder was unnecessary under FRCP 25(c) and 65 ILCS 5/7-2-12. If, however, the Court concludes that Cahokia Heights must formally become a party before it may be required to satisfy Centreville's discovery obligations, Plaintiffs alternatively request that Cahokia Heights be substituted for or joined with Centreville pursuant to Rule 25(c). Such relief would remove the procedural objection asserted by Cahokia Heights so that the litigation may continue in an orderly fashion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs Cornelius Bennett and Earlie Fuse respectfully request that the Court enter an Order:

1. Determining that Cahokia Heights, as the united city through which Centreville's governmental affairs are now administered, is responsible for carrying out Centreville's continuing discovery obligations where the information, records, personnel, or

governmental functions necessary to respond are within Cahokia Heights' possession, custody, control, or administration;

2. Alternatively, if the Court concludes that formal substitution or joinder is necessary before Cahokia Heights may be required to satisfy Centreville's continuing discovery obligations, substitute or join Cahokia Heights pursuant to Federal Rule of Civil Procedure 25(c); and
3. grant such other relief as the Court deems necessary and appropriate.

Dated: October 5, 2026

Respectfully Submitted,

/s/ Kennedy S. Moehrs Gardner (with consent)
Kennedy S. Moehrs Gardner
(IL Bar No. 6344603)
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kmgardner@equitylegalservices.org

/s/ Nicole D. Nelson
Nicole D. Nelson
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
nnelson@equitylegalservices.org

/s/ Kalila J. Jackson *(with consent)*
Kalila J. Jackson, *Pro Hac Vice*
EQUITY LEGAL SERVICES, INC.
(618) 693-9800
kjackson@ehoc-stl.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and to all counsel of record.

/s/ Nicole D. Nelson